IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

*August 1, 1969*

*By Bernadine R. Stasson*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 14430 |
| | ) | |
| CATAHOULA PARISH SCHOOL BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

D E C R E E

The Court, having considered the school desegregation plans filed in this cause by The Catahoula Parish School Board and the Office of Education, Department of Health, Education and Welfare, now finds:

1.  The school desegregation plan proposed by The Catahoula Parish School Board conforms with the requirements imposed upon the defendants by the Fourteenth Amendment to the Constitution of the United States and is designed to, and will, disestablish the defendants' dual school system.

2.  The plan proposed and filed by the plaintiff is unworkable and is therefore rejected; now therefore,

It is ORDERED, ADJUDGED AND DECREED that the defendants, their agents, officers, employees and successors and all those in active concert and participation with them be and they are permanently enjoined from discriminating on the basis of race or color in the operation of The Catahoula Parish School System. As set out more particularly in the body of the decree, they shall take affirmative action to disestablish all school segregation and to eliminate the effects of the dual school system:

I.

SPEED OF DESEGREGATION

Commencing with the 1969-70 school year, in accordance with this decree, the schools of Catahoula Parish shall be desegregated as follows:

All first grade children, regardless of race, in Ward Six, Jonesville, Louisiana, are to be assigned to the Jonesville Elementary School.

All eighth grade students, regardless of race, in Ward Six, Jonesville, Louisiana, are to be assigned to Block High School, Jonesville, Louisiana.

All children in the first and second grades, regardless of race, in Wards One and Two, are to be assigned to the Sicily Island Elementary School.

All children, regardless of race, in Ward Five, are to be assigned to the Harrisonburg High School.

All children living in Ward Four, regardless of race, from grades one through eight will be assigned to the Manifest Elementary School.

All faculties of all schools are to be integrated so that five Negro teachers will be assigned to Block High School; two Negro teachers to Enterprise High School; two Negro teachers to Central High School; three Negro teachers to Harrisonburg High School; one Negro teacher to Manifest Elementary School; four Negro teachers to Jonesville Elementary School;  three Negro teachers to the Sicily Island High School. White teachers shall be assigned to the Jonesville Consolidated High School and the Martin High School to replace the Negro teachers where vacancies occur as a result of Negro teachers being transfered to white schools.  This shall be done according to the number of teachers needed and the availability of white teachers.

II.

Commencing with the 1970-71 school session, the schools of Catahoula Parish shall be fully integrated in the following manner:

- 2 -

The Sicily Island area (Wards One and Two), all children in grades one through six, regardless of race, are to be assigned to the Martin High School, and all children in grades seven through twelve, regardless of race, are to be assigned to the Sicily Island High School, or in the alternative at the option of the school board, Martin High School shall be an all female school for grades one through twelve, regardless of race, and that Sicily Island High School shall be an all male school for grades one through twelve, regardless of race.

In the Jonesville area (Ward Six), all children in grades one through four, regardless of race, shall be assigned to Jonesville Elementary School.  All children in grades five through eight, regardless of race, shall be assigned to the Jonesville Consolidated School.  All children in grades nine through twelve, regardless of race, shall be assigned to Block High School, or in the alternative at the option of the school board, all children in grades five through twelve, regardless of race, be assigned to Block High School and Jonesville Consolidated School – one being an all female school and the other being an all male school.

The Harrisonburg area (Ward Five), all children in grades one through twelve, regardless of race, be assigned to the Harrisonburg High School.

In the Enterprise area, all children in grades one through twelve, regardless of race, be assigned to the Enterprise High School.

In the Manifest area (Ward Four), all children in grades one through eight, regardless of race, be assigned to the Manifest Elementary School.

In the Central High School area, all children in grades one through twelve, regardless of race, be assigned to the Central High School.

III.

TRANSPORTATION

The transportation system will be integrated for the year 1969-70 session to coincide with and implement the plan submitted for integrating the schools for the 1969-70 school session.  For the

1970-71 school session, the transportation system will be completely
re-organized and integrated to implement the plan of total desegrega-
tion of the school system as outlined for the year 1970-71 school session.

IV.

FACULTIES

The faculties of all schools will be fully integrated for
the year 1970-71 school session so as to implement the plan adopted as
outlined for total desegregation of the schools for the year 1970-71
school session.

V.

TRANSFERS

(a)  Majority to Minority Transfer Policy.  The defendants
shall permit a student (Negro or white) attending a school in which his
race is in the majority to choose to attend another school where space
is available and where his race is in a minority.

(b)  Transfers for Special Needs.  Any student who requires
a course of study not offered at the school to which he has been assigned
may be permitted, upon his written application at the beginning of any
school term or semester, to transfer to another school which offers
courses for his special needs.

(c)  Transfers to Special Classes or Schools.  If the defendants
operate and maintain special classes or schools for physically handicapped,
mentally retarded, or gifted children, the defendants may assign children
to such schools or classes on a basis related to the function of the
special class or school.  In no event shall such assignments be made on
the basis of race or color or in a manner which tends to perpetuate a
dual school system based on race or color.

VI.

SERVICES, FACILITIES, ACTIVITIES AND PROGRAMS

No student shall be segregated or discriminated against on
account of race or color in any service, facility, activity, or program
(including transportation, athletics, or other extracurricular activity)
that may be conducted or sponsored by the school in which he is enrolled.

- 4 -

A student attending school for the first time on a desegregated basis may not be subject to any disqualification or waiting period for participation in activities and programs, including athletics, which might otherwise apply because he is a transfer or newly assigned student except that such transferees shall be subject to longstanding, non-racially based rules of city, county, or state athletic associations dealing with the eligibility of transfer students for athletic contests. All school use or school-sponsored use of athletic fields, meeting rooms, and all other school related services, facilities, activities, and pro-grams such as commencement exercises and parent-teacher meeting which are open to persons other than enrolled students, shall be open to all persons without regard to race or color.  All special educational pro-grams conducted by the defendants shall be conducted without regard to race or color.

VII.

SCHOOL EQUALIZATION

(a)  Inferior Schools. In schools heretofore maintained for Negro students, the defendants shall take prompt steps necessary to provide physical facilities, equipment, courses of instruction, and instructional materials of quality equal to that provided in schools previously maintained for white students.  Conditions of overcrowding, as determined by pupil-teacher ratios and pupil-classroom ratios shall, to the extent feasible, be distributed evenly between schools formerly maintained for Negro students and those formerly maintained for white students.  If for any reason it is not feasible to improve sufficiently any school formerly maintained for Negro students, where such improve-ment would otherwise be required by this paragraph, such school shall be closed as soon as possible, and students enrolled in the school shall be reassigned.  By October of each year, defendants shall report to the Clerk of the Court pupil-teacher ratios, pupil-classroom ratios, and per-pupil expenditures both as to operating and capital improvement costs, and shall outline the steps to be taken and the time within which they shall accomplish the equalization of such schools.

(b) <u>Remedial Programs</u>.  The defendants shall provide remedial education programs which permit students attending or who have previously attended segregated schools to overcome past inadequacies in their education.

VIII.

<u>NEW CONSTRUCTION</u>

The defendants, to the extent consistent with the proper operation of the school system as a whole, shall locate any new school and substantially expand any existing schools with the objective of eradicating the vestiges of the dual system.

IX.

<u>FACULTY AND STAFF</u>

(a) <u>Faculty Employment</u>.  Race or color shall not be a factor in the hiring, assignment, reassignment, promotion, demotion, or dismissal of teachers and other professional staff members, including student teachers, except that race may be taken into account for the purpose of counteracting or correcting the effect of the segregated assignment of faculty and staff in the dual system.  Teachers, principals, and staff members shall be assigned to schools so that the faculty and staff is not composed exclusively of members of one race.  Wherever possible, teachers shall be assigned so that more than one teacher of the minority race (white or Negro) shall be on a desegregated faculty.

(b) <u>Dismissals</u>.  Teachers and other professional staff members may not be discriminatorily assigned, dismissed, demoted, or passed over for retention, promotion, or rehiring, on the ground of race or color.  In any instance where one or more teachers or other professional staff members are to be displaced as a result of desegregation, no staff vacancy in the school system shall be filled through recruitment from outside the system unless no such displaced staff member is qualified to fill the vacancy.  If, as a result of desegregation, there is to be a reduction in the total professional staff of the school system, the qualifications of all staff members in the system shall be evaluated in selecting the staff member to be released without consideration of race or color.  A report containing any such proposed dismissals, and

- 6 -

the reasons therefor, shall be filed with the Clerk of the Court,
serving copies upon opposing counsel, within five (5) days after such
dismissal, demotion, etc., as proposed.

      (c)  <u>Past Assignments</u>.  The defendants shall take steps to
assign and reassign teachers and other professional staff members to
eliminate the effects of the dual school system.

X.

<u>REPORTS TO THE COURT</u>

      The defendants shall serve upon opposing counsel and file
with the Clerk of the Court within 15 days after the opening of schools
for the fall semester of each year, a report setting forth the following
information:

      (i)  The number of faculty vacancies, by school, that
have occurred or been filled by the defendants since
the order of this Court or the latest report submitted
pursuant to this sub-paragraph.  This report shall state
the race of the teacher employed to fill each such vacan-
cy and indicate whether such teacher is newly employed
or was transferred from within the system.  The tabu-
lation of the number of transfers within the system
shall indicate the schools from which the transfers
were made.  The report shall also set forth the number
of faculty members of each race assigned to each school
for the current year.

      (ii)  The number of students by race, in each grade
of each school.

XI.

      The Marshal shall serve each of the defendants herein with
a copy of this decree.

      THUS DONE AND SIGNED, in Chambers, in Lake Charles, Louisiana,
on this the 29th day of July, 1969.

_Edwin F. Hunter Jr._<br>Judge

- 7 -

C E R T I F I C A T E

      I certify that a copy of the above decree was served upon

James B. Craven III, Attorney, Civil Rights Division, Department of

Justice, Washington, D. C., prior to filing with this Court.

      July 25, 1969.

                           George Griffing
                           Assistant District Attorney
                           Seventh Judicial District
                           Catahoula Parish, Louisiana

- 8 -

OFFICE OF

# THE DISTRICT ATTORNEY

SEVENTH JUDICIAL DISTRICT

CONCORDIA AND CATAHOULA PARISHES

W. C. FALKENHEINER
DISTRICT ATTORNEY
VIDALIA, LOUISIANA

PHONE 336-5272

3D July 1969

HARRISONBURG, LOUISIANA
PHONE 744-5232

Mr. Alton L. Curtis, Clerk
United States District Court
Western District of Louisiana
P. O. Box 106
Shreveport, Louisiana 71102

Dear Mr. Curtis:

      Re:  United States of America v.
      Catahoula Parish School Board, et al
      Civil Action No. 14430 - Alexandria
      Division.

   Herewith enclosed is the order of 29 July 1969, signed
by Judge Edwin F. Hunter, Jr., in the captioned case, to be
filed in accordance with his instructions.

   With very best wishes,

       Very truly yours,

       W. C. Falkenheiner

WCF/ac

enclosure