UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D
AUG 19 1993
ROBERT H. SHEMWELL, CLERK
BY_____
           DEPUTY

UNITED STATES OF AMERICA,

    PLAINTIFF

VERSUS : CIVIL ACTION NO. 14430

CATAHOULA PARISH SCHOOL
BOARD, ET AL,

    DEFENDANTS

## MOTION OF DEFENDANTS FOR AUTHORIZATION TO IMPLEMENT STUDENT ENROLLMENT AND TRANSFER POLICY

NOW INTO COURT, through undersigned counsel, come the defendants, Catahoula Parish School Board, et al, who respectfully move the Court for an order authorizing them to implement the student enrollment and transfer policy attached hereto as Exhibit A and who, in support of such motion, would show as follows:

(1) By decree dated July 29, 1969, this Court approved a school desegregation plan which included a section on student transfers (Section V) and a section on reports to the Court (Section X).

(2) The defendants desire to amend the July 29, 1969 decree of this Court as indicated in the student enrollment and transfer policy, which is attached hereto as Exhibit A.

(3) The proposed student enrollment and transfer policy (Exhibit A) has been reviewed with the United States of America, plaintiff herein, and, as indicated by the signature below of counsel for said plaintiff, the United

   States of America, has no objection to the approval of this motion.

(4)  If approved by the Court, the changes being requested herein will be implemented beginning with the 1993-94 school year.

        Respectfully submitted,

        HAMMONDS AND SILLS
        1111 South Foster Drive, Suite C
        P.O. Box 65236
        Baton Rouge, LA  70896
        (504) 923-3462

        _____
        ROBERT L. HAMMONDS
        Bar Roll No. 6484

**NO OBJECTION TO**
**APPROVAL OF MOTION**

_____
NATHANIEL DOUGLAS
United States Department of Justice
Equal Opportunities Litigation Section
Civil Rights Division
P.O. Box 65958
Washington, D.C. 20035-5958

   ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Motion has this day been mailed, postage prepaid, to the United States of America through Nathaniel Douglas, United States Department of Justice, Equal Opportunity Section, P.O. Box 65958, Washington, D.C. 20035-5958.

BATON ROUGE, LOUISIANA, this 17th day of AUGUST, 1993.

_____
ROBERT L. HAMMONDS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D
AUG 19 1993
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES OF AMERICA,

    PLAINTIFF

VERSUS      :    CIVIL ACTION NO. 14430

CATAHOULA PARISH SCHOOL
BOARD, ET AL,

    DEFENDANTS

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS FOR AUTHORIZATION TO IMPLEMENT STUDENT ENROLLMENT AND TRANSFER POLICY

The defendants, Catahoula Parish School Board, et al, have respectfully moved the Court for an order authorizing them to implement a new student enrollment and transfer policy, which policy has been attached to their motion as Exhibit A. This memorandum is submitted in support of defendants' motion.

On July 29, 1969, this Court approved a school desegregation plan for Catahoula Parish. That plan contained a section on student transfers (Section V), which has not been amended since the date of that decree.

As a result of changes which have ocurred in the school system since 1969, the defendants feel that a change in the procedure for student enrollment and transfers is warranted. A draft of proposed changes was prepared and forwarded to the United States of America, plaintiff herein, for review. Plaintiff indicated that it had objections to the policy proposal as submitted, and discussions between the parties were initiated in an effort to find mutually

acceptable language. The parties ultimately reached agreement on such language, and Exhibit A to defendants' motion contains the policy statement deemed acceptable by both plaintiff and defendants.

In addition to changing the student enrollment and transfer policy, defendants agreed to the request by plaintiff that reporting requirements to the Court also be amended. Section X of the July 29, 1969 Court decree placed a reporting requirement on defendants, and the amendments thereto requested by plaintiff and agreed to by defendants supplement and expand those reporting requirements. The new reporting requirements are found in Section VIII of the Student Enrollment and Transfer Policy (Exhibit A).

As previously indicated, the language contained in the new policy has been negotiated upon and agreed to by the parties hereto. As evidenced by his signature on defendants' motion, counsel for plaintiff, United States of America, has no objection to the approval of defendants' motion. If approved by the Court, the changes contained in the new Student Enrollment and Transfer Policy will be implemented beginning with the 1993-94 school year.

Respectfully submitted,

HAMMONDS AND SILLS
1111 South Foster Drive, Suite C
P.O. Box 65236
Baton Rouge, LA   70896
(504) 923-3462

ROBERT L. HAMMONDS
Bar Roll No. 6484

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Memorandum has this day been mailed, postage prepaid, to the United States of America through Nathaniel Douglas, United States Department of Justice, Equal Opportunity Section, P.O. Box 65958, Washington, D.C. 20035-5958.

BATON ROUGE, LOUISIANA, this 17th day of AUGUST, 1993.

_____
ROBERT L. HAMMONDS

STUDENT ENROLLMENT AND TRANSFER POLICY

The Catahoula Parish School Board shall operate its school district in a non-discriminatory manner and shall follow the student enrollment and transfer provisions set forth below:

1. Effective for the 1993-94 school year, all students seeking to enroll, or to continue to enroll, in the Catahoula Parish School District shall be required to register at the school to which they would be assigned, as mandated by the prior desegregation orders in United States v. Catahoula Parish School Board, C.A. No. 14430, (W.D. La.). The Catahoula Parish School Board shall verify the residency of each student.

2. In succeeding years, any student entering the Catahoula Parish School District for the first time, or reentering after interrupted attendance, shall be required to verify his or her residence address as part of the registration process.

3. Each student must establish his or her residency in the following manner:

   (a) <u>Students living with parent or legal guardian</u>:
   The parent or legal guardian of a student seeking to enroll must provide the school with at least two of the items numbered (1) through (8) below, as verification of their address, except that any document with a post office box as an address shall not be accepted:
   
   (1) Property tax records which indicate the location of the homestead;
   
   (2) Mortgage documents or property deed;
   
   (3) Apartment or home lease;

  (4) Current utility bills showing residence address;

  (5) Driver's license;

  (6) Automobile registration;

  (7) Affidavit and/or personal visit by a designated School District official; and, in the case of a student living with a legal guardian;

  (8) A court decree declaring the district resident to be the legal guardian of the student.

  (9) Physical visit by school personnel in cases whereby actual residence may be in question.

(b) <u>Students living with adults other than parents or legal guardians</u>:

  (1) The non-parent claiming Catahoula Parish School District residency must meet the criteria of subparagraph (a)(1) through (9) above, required of a parent or legal guardian;

  (2) The Catahoula Parish School Board resident must provide the Catahoula Parish School Board with a sworn affidavit stating his or her relationship to the student, and that the student will be living in his or her home for a period of time encompassing the entire upcoming school year, and fully explaining the reason(s) for this arrangement. Changing school attendance zones or school district preference shall not be a justifiable reason for such living arrangement. In situations in which students are children of migrant worker parents, or

    in which a student must live with adults other than parent or legal guardian(s) in a temporary emergency situation, the adult non-parent must provide to the Catahoula Parish School Board an affidavit stating in detail the reason(s) the student is living with the adult non-parent. Said reason(s) must be emergency or unforeseeable in nature to such extent as to be non-predictable. An unavoidable or emergency situation or family condition, such as a broken home, abused children, extreme poverty, may be acceptable reasons for a student to reside with an adult other than parent or legal guardian, if specifically approved by the designated Catahoula Parish official charged with verification of student residency;

(3) The School District must verify that the student is actually living within the Catahoula Parish School District and attendance zone by sending a representative to physically visit the residence which the student has represented as his or her home for the upcoming year.

4. No inter-district transfer shall be approved by the Catahoula Parish School District unless the district has analyzed the effect of such transfer on the school in the resident district and on the school that the student seeks to attend, and determines that the transfer does not impede desegregation in either district or affected school. No intra-district transfer shall be approved

unless the district has analyzed the effect of such transfer on the sending and receiving schools and determines that the transfer will not impede desegregation at either school. Where more than one (1) inter-district and intra-district transfer is sought, the district shall analyze the cumulative impact of the transfers.

5. Effective for the 1993-94 school year, no inter/intra-district transfer, other than those approved pursuant to conditions of this agreement, shall be approved unless the student seeking the inter/intra-district transfer establishes one of the following reasons:

    (a) Specialized academic, vocational, or special education curriculum required, but not offered, in the district of residence. The Principal of the sending school district shall be required to submit to the Principal of the receiving school district a signed statement verifying the unavailability of the specific required curriculum in the school of residence. Involvement in extra-curricular activities, standing alone, shall not be considered sufficient reason for a transfer.

    (b) 1994 graduating seniors, eleventh (11th), tenth (10th) and ninth (9th) graders who were enrolled in Catahoula Parish Schools outside their attendance zones on January 5, 1993.

    (c) Health (Medical)
        A student transfer to a school outside the assigned attendance zone for medical reasons must be

approved under the following guidelines:

(a) Written support by a licensed medical doctor describing medical problem or conditions and why such problem or condition necessitates a transfer.

(b) Transfer to another school and the school of choice must be justified by and connected with the medical condition, need for treatment, proximity to the office of the doctor who currently treats the student, proximity to hospital or medical center and the existing medical condition.

(c) Children of full-time teachers, professional staff and administrators of the Catahoula Parish School District, who are verified as actually living with said employee as required by Paragraph 3 (a) of this agreement, with the understanding that the name and race of all such child(ren), the name of the teacher, and the grade and school attended by the child(ren) be specifically reported as part of Paragraph 8(h), _infra_.

(d) Majority to Minority

Students attending a school where his/her race is a majority may elect to attend a school where his/her race is a minority.

student is a resident of the school attendance zone from which he/she seeks enrollment, the following information on inter/intra-district transfers:

(1) The name of the principal of each school, or his/her designee, who conducted the residency verification review;

(2) Identification by name, address, race, grade and school of any non-resident student identified as being enrolled in that school;

(3) The identification of any student, who falls within the agreed-upon inter/intra-district transfer exceptions set forth herein, the specific exception under which that student continues to be enrolled, and that each such inter/intra-district transfer has been approved by the School Board.

(4) The identification of any student, who does not fall within the agreed-upon inter/intra-district transfer exceptions and the School District's disposition of each such student.

(5) A signed affidavit from each school principal, or his/her designee, who conducted the residency verification review, setting forth the method by which said review was conducted;

    (e)    Remaining After Moving Into A New Attendance Area

Any student moving from one school to another school outside his/her attendance zone during the school year, may elect to remain in the original school for the remainder of that school year.

    (f)    Students from Concordia Parish (Wildsville area) presently (January 5, 1993) enrolled in the Jonesville schools will be allowed to continue to attend school in Catahoula Parish.

6. The School District shall provide transportation only to those inter/intra-district transfer students who have been verified as being properly enrolled in the school district pursuant to this agreement.

7. If any student is found to be enrolled in the Catahoula Parish School District contrary to the provisions set forth herein, the School District shall immediately notify the student and his or her parent(s) or legal guardian. Notification shall state that the student or his/her parents or guardian shall have a period of ten (10) days from the date of the notice to provide verification of residency as required by this agreement. If the required verification is not provided to the Superintendent within that period, the School District shall immediately withdraw the student and notify his/her parents or guardian that the student is being denied enrollment pursuant to this agreement. Catahoula Parish School District shall immediately notify the parents or legal

guardian of the school which the student must legally attend. The student's records shall immediately be transferred to the school in the proper school zone and parents so notified.

  8. On October 15th of each year, the Catahoula Parish School District shall file with this Court and provide to each party a report including:

    (a) current student enrollment, by race, for each grade in each school in the School District;

    (b) current full-time faculty, by race, for each school in the School District;

    (c) current administrators, by race, for each school in the School District;

    (d) whether all transportation is provided on a desegregated basis;

    (e) a current list of all inter/intra-district transfer students enrolled in the School District, showing, for each student, the race, grade, sending and receiving school and sending district;

    (f) a current list of all inter-district transfers out of the school district showing, for each student, race, grade, sending and receiving school, and receiving district;

    (g) efforts indicating that the School District has reviewed the registration forms of all students currently attending the Catahoula Parish public schools and the residence of each child seeking to enroll for the first time to determine that each

  (h) an analysis of all transfer requests setting forth the desegregation impact of the transfers on the sending and receiving schools and district, if applicable.

9. The Catahoula Parish School Board shall have a continuing obligation to monitor student enrollment and to ensure that no unlawful inter/intra-district transfers are permitted and that all students are properly enrolled.

LAW OFFICES

# HAMMONDS & SILLS

QUAD ONE, SUITE C
1111 SOUTH FOSTER DRIVE
POST OFFICE BOX 65236
BATON ROUGE, LOUISIANA 70896

ROBERT L. HAMMONDS
KENNETH F. SILLS
HAROLD J. ADKINS
SHELTON D. BLUNT

TELEPHONE (504) 923-3462
LA WATS 800-960-LAWS
FACSIMILE (504) 923-0315

RECEIVED AUG 19 1993
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

August 17, 1993

Mr. Robert Shemwell
Clerk of Court
United States District Court
Western District of Louisiana
500 Fannin Street
Shreveport, LA  71101

                    RE:  United States of America v.
                          Catahoula Parish School Board, et al
                          Civil Action No. 14430
                          Alexandria Division

Dear Sir:

    In connection with the above-captioned matter, please find enclosed the following documents:

    (1) Original and one copy of Motion of Defendants for Authorization to Implement Student Enrollment and Transfer Policy; and

    (2) Original and one copy of Memorandum in Support of Motion of Defendants for Authorization to Implement Student Enrollment and Transfer Policy; and

    (3) Original and one copy of proposed Order approving such motion.

    We would ask that you file the appropriate documents into the record and that a copy of the enclosed be forwarded to the Court for its consideration.

    Thanking you for your cooperation, we remain

                                Very truly yours,

                                ROBERT L. HAMMONDS

RLH:lm
Enclosures