U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUN 20 1994
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 14,430 |
| CATAHOULA PARISH SCHOOL BOARD, ET AL., | ) |
| Defendants. | ) |

UNITED STATES' RESPONSE TO THE SCHOOL
BOARD'S MOTION TO CONSOLIDATE

The United States, plaintiff herein, hereby submits its Response to the School Board's Motion to Consolidate Schools and Change Student Attendance Zones filed on June 9, 1994. We do not object to the proposed consolidation of the Enterprise School with the Harrisonburg School. However, we do object to the consolidation of the Manifest School with the Harrisonburg School.

The basis for the objection is fully set forth in the accompanying memorandum in support.

WHEREFORE, the United States respectfully moves this Court to deny the school board's motion as it is proposed.

Further, the United States moves this Court to enter an order directing the Catahoula Parish School Board to assign to

the Jonesville School all students (K-12) residing in the Manifest community, beginning with the 1994-95 school year.

                                      Respectfully submitted,

                                      DEVAL L. PATRICK
                                      Assistant Attorney General
                                      Civil Rights Division

                                      *[signature]*
                                      FRANZ R. MARSHALL
                                      NATHANIEL DOUGLAS
                                      Educational Opportunities
                                        Litigation Section
                                      Civil Rights Division
                                      U.S. Department of Justice
                                      Washington, D.C.  20530
                                      202/514-3784

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 14,430 |
| CATAHOULA PARISH SCHOOL ) | |
| BOARD, ET AL., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM IN SUPPORT OF THE UNITED STATES' RESPONSE
TO THE SCHOOL BOARD'S MOTION TO CONSOLIDATE

The United States, plaintiff herein, has respectfully moved this court to deny the school board authorization to consolidate the Manifest School with the Harrisonburg School. In its motion, filed on June 9, 1994, the Catahoula Parish School Board seeks the authorization of this Court to consolidate the Enterprise and Manifest schools with the Harrisonburg School. The school board states the identical reasons as the bases for the closure of each school: (1) the low number of students enrolled at each school, (2) a projected financial benefit from each closure, and (3) the provision of an expanded educational offering as a result of combining the small enrollment of each school with a larger enrollment to achieve an educational benefit derived from the economies of scale.

The United States suggests that the reasoning provided in support of the closure of the schools is appropriate. However, the United States avers that the modification of the student attendance zone of the Manifest School should be designed and implemented in a manner which produces a desegregative effect.

The school board proposes to assign the approximately fifty white students attending the Manifest School, in grades 6-8, to the nearly all-white Harrisonburg School where the students enrolled in grades 9-12 residing in the Manifest community now attend school. This proposal, simply places additional white students in a school which already serves a student body which is approximately 85% white, when a practicable desegregative alternative exist. The Jonesville School is located the same distance from the Manifest community as is the Harrisonburg School; the Jonesville School serves a student enrollment which is approximately 40% black and the school contains enough unused student capacity to accommodate all of the students (K-12) residing in the Manifest community. Thus, the reassignment of the students residing in the Manifest community to the Jonesville School would result in a desegregated environment for those students and would increase the number of students, in the parish, who attend schools which provide a desegregated environment.

School district authorities in systems which previously required separation of the races in public school have an affirmative duty to take whatever steps are necessary to convert to systems in which there are no "white schools" or "Negro schools", but just schools. Green v. County School Board of New Kent County, 391 U.S. 430, 437-438 (1968). The Catahoula Parish School Board operated a dual system based on race prior to 1969. It is, therefore, the affirmative duty of the school authorities to eliminate, not perpetuate, all vestiges of state imposed

segregation and to counteract the continuing effects of past discrimination. <u>Columbus Board of Education</u> v. <u>Penick</u>, 443 U.S. 449, 459 (1979); <u>Swann</u> v. <u>Charlotte-Mecklenburg Board of Education</u>, 402 U.S. 21 (1971), <u>Davis and United States</u> v. <u>East Baton Rouge Parish School Board</u>, 721 F.2d 1425, 1436 (5th Cir. 1983); <u>Valley and United States</u> v. <u>Rapides Parish Board of Education</u>, 646 F.2d 925, 938 (5th Cir. 1981) (Valley I), <u>cert denied</u>, 455 U.S. 939 (1982).

In a school system with a history of segregation such as the Catahoula Parish School System, there is a presumption against the legitimacy of one race schools. When a plan is adopted and schools substantially disproportionate in their composition remain, there is a presumption that conversion to a unitary system is incomplete; especially, where desegregative alternatives exist. <u>Swann</u>, <u>supra</u> at 26; <u>Davis</u>, <u>supra</u> at 1434; <u>Lemon and United States</u> v. <u>Bossier Parish School Board</u>, 556 F.2d 985, 987 (5th Cir. 1978). It is well-settled case law that the use of neighborhood attendance zones to desegregate is acceptable only if it disestablishes rather than reimposes or perpetuates the dual system or as here vestiges thereof. <u>Swann</u>, <u>supra</u> at 28.

In the context of this case and the history of school segregation it is patently unacceptable and unconstitutional to assign additional white students to a school which already serves a disproportionately white student enrollment where those white students could be assigned, without an undue burden of transportation distance and time, in a manner which would produce a desegregative result.

CONCLUSION

THEREFORE, the United States respectfully requests this court deny the school board's motion as it is proposed.

Further, the United States requests that the Court enter order directing the Catahoula Parish School Board to assign to the Jonesville School all of the students enrolled in grades K-12 residing in the Manifest community, beginning with the 1994-95 school year.

Respectfully submitted,

DEVAL L. PATRICK
Assistant Attorney General
Civil Rights Division

FRANZ R. MARSHALL
NATHANIEL DOUGLAS
Educational Opportunities
  Litigation Section
Civil Rights Division
U.S. Department of Justice
Washington, D.C.  20530
202/514-3784

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing United States' Response to the School Board's Motion to Consolidate with accompanying Memorandum In Support has this day been served, by placing same in the United States mail, postage prepaid and addressed as follows:

>Robert L. Hammonds, Esq.
>Hammonds and Sills
>Quad One, Suite C
>1111 South Foster Drive
>P.O. Box 65236
>Baton Rouge, Louisiana  70896
>
>Jack Wright, Esq.
>One Wood Street
>Monroe, Louisiana  71201

This 17th day of June, 1994.

FRANZ R. MARSHALL
Attorney
Educational Opportunities
   Litigation Section
Civil Rights Division
U.S. Department of Justice
Washington, D.C.  20530

U.S. Department of Justice

Civil Rights Division

RECEIVED
JUN 20 1994

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

DLP:ND:FRM:gms
DJ 169-33-43

*Educational Opportunities Section*
*P.O. Box 65958*
*Washington, D.C. 20035-5958*

Robert H. Shemwell, Clerk
United States District Court
500 Fanin Street, Room 106
Shreveport, Louisiana  71101

JUN 17 1994

    Re:  United States v. Catahoula Parish School Board
          Civil Action No. 14,430 (W.D. La.)

Dear Mr. Shemwell:

    Find enclosed for filing the United States' Response to the School Board's Motion to Consolidate with accompanying Memorandum in Support.

    Please file the original and necessary copies and return one copy, file-stamped, in the enclosed addressed envelope.

    Your assistance in this matter is appreciated.

                        Sincerely,

                        Deval L. Patrick
                Assistant Attorney General
                   Civil Rights Division

          By: Franz R. Marshall
                          Attorney
               Educational Opportunities
                    Litigation Section

cc:  Honorable Nauman Scott