U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D
JUL 18 1994
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

*******************************

CIVIL ACTION

NO. 14,430

UNITED STATES OF AMERICA

versus

CATAHOULA PARISH SCHOOL BOARD, ET AL

****************************************************************

FOR PLAINTIFF:

FRANZ R. MARSHALL
United States Department of Justice
Educational Opportunities Litigation Section
Post Office Box 65958
Washington, D. C.  20035-5958

FOR DEFENDANT:

ROBERT L. HAMMONDS
Hammonds & Sills
Post Office Box 65236
Baton Rouge, LA  70896

FOR INTERVENOR:

JACK WRIGHT, JR.
1 Wood Street
Monroe, LA  71201


****************************************************************

NAUMAN S. SCOTT

UNITED STATES DISTRICT JUDGE

****************************************************************

## O P I N I O N

The case and the evidence was presented that Jonesville Junior High School contained an eighth grade. We have now received additional evidence correcting that impression and establishing that Jonesville students in the eighth grade attend Block High School. It is therefore necessary that we amend our original Opinion of July 7, 1994 so that the unnumbered paragraph appearing on pages 4 and 5 of that Opinion is amended and corrected to read as follows:

We are not, in a desegregation issue of this character, limited to the consideration of the alternatives presented by the Board. It is our duty to consider the assignment of students as it affects the school system as a whole and promote or choose the available alternatives that promote the objectives of desegregation. Columbus Board of Education v. Penick, 443 U.S. 449, 459 (1979); Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 21 (1971); Davis and United States v. East Baton Rouge Parish School Board, 721 F.2d 1425, 1436 (5th Cir. 1983); Valley and United States v. Rapides Parish Board of Education, 646 F.2d 925, 938 (5th Cir. 1981) (Valley I), cert. denied, 455 U.S. 939 (1982). Therefore, we have considered alternatives, urged by the Government and not suggested by the Board. Jonesville Junior High School (K-7) and Block High School (8-12) are viable alternatives to which Manifest 6-8 students can be sent.

Since the busing factors from Manifest and the three alternatives, Harrisonburg Elementary, Jonesville Junior High and Block High School are equal, the deciding factor should be the desegregative effect of the assignment of these students to Harrisonburg Elementary as opposed to Jonesville Junior High School and Block High School. In a school system with a history of segregation, there is a presumption against the legitimacy of one race schools. When a plan is adopted and schools substantially disproportionate in their composition remain, there is a presumption that conversion to a unitary system is incomplete; especially, where desegregative alternatives exist. <u>Swann</u>, 402 U.S. at 26; <u>Davis</u>, 721 F.2d at 1434; <u>Lemon and United States v. Bossier Parish School Board</u>, 556 F.2d 985, 987 (5th Cir. 1978). It is well-settled case law that the use of neighborhood attendance zones to desegregate is acceptable only if it disestablishes rather than reimposes or perpetuates the dual system or, as here, any vestiges thereof. <u>Swann</u>, 402 U.S. at 28. Therefore, reassigning these students to Jonesville Junior High and Block High School, both of which are 60% white, will be much more effective from a desegregation point of view than assigning them to Harrisonburg Elementary which is already 90% white. For this reason, we agree with the United States that these students should be assigned to Jonesville Junior High School and Block High School rather than to Harrisonburg Elementary.

2

Alexandria, Louisiana, this 16th day of July, 1994.

_____
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 07/19/94
BY: LOD
TO: Wright
Hammonds
Guice
Douglas/Marshall
Skinner
Johnson