UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
|     PLAINTIFF | * | |
| | * | CIVIL ACTION NO. 69-cv-14430 |
| VERSUS | * | |
| | * | |
| CATAHOULA PARISH SCHOOL | * | JUDGE DRELL |
| BOARD, ET AL, | * | |
|     DEFENDANTS | * | |
| | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION
RELATIVE TO ATHLETIC ELIGIBILITY OF
<u>MAJORITY-TO-MINORITY TRANSFEREES</u>**

Defendant Catahoula Parish School Board has filed a motion seeking an order clarifying the issue of athletic eligibility of students who utilize the majority-to-minority transfer option provided in the desegregation remedy in this matter. Majority-to-minority transfer provisions are designed to enhance school desegregation by encouraging students to voluntarily transfer from schools in which their race is in the majority to schools in which their race is in the minority. The orders of the Court in this case specifically authorize majority-to-minority student transfers, but they do not specifically address the issue of athletic eligibility for those students opting to transfer under majority-to-minority provisions.

The Louisiana High School Athletic Association ("LHSAA") governs interscholastic athletics in Louisiana. The LHSAA has promulgated a rule stating that any student who transfers to a school outside of his/her home attendance area is athletically ineligible for one full year <u>unless</u> there is a court order authorizing earlier eligibility.

If students who transfer under majority-to-minority provisions are required to "sit out" a year before being able to participate in athletics, then some students are going to be discouraged from seeking such transfers and efforts to enhance voluntary school desegregation will be negatively affected. As a result, defendants School Board respectfully requests that the Court issue an Order making it clear that students who have availed or do avail themselves of the majority-to-minority provisions of the transfer policy are immediately eligible to participate on athletic teams of the schools to which they have transferred or will transfer.

Defendant would show that this motion has been discussed with Ms. Lisa Taylor, attorney for plaintiff United States, who has authorized undersigned counsel to indicate to the Court that said plaintiff has no objection to the Court's approval of this motion.

>Respectfully submitted,
>
>HAMMONDS & SILLS
>Physical Address:
>1111 S. Foster Drive, Suite C
>Baton Rouge, LA 70896
>Mailing Address:
>P.O. Box 65236
>Baton Rouge, LA 70896
>Telephone (225) 923-3462
>Facsimile   (225) 923-0315
>
>  s/ *Robert L. Hammonds*
>**ROBERT L. HAMMONDS**
>Bar Roll No. 6484
>***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

      I hereby certify that is a true and correct copy of the above and foregoing *Memorandum in Support of Motion Relative to Athletic Eligibility of Majority-to-Minority Transferees* was filed electronically with the Clerk of Court by use of the CM/ECF system, which will send a notice of electronic filing to counsel registered with the Court for receipt of pleadings by e-mail.

      **BATON ROUGE, LOUISIANA** this  3rd  day of April, 2009.

                                                  s/ *Robert L. Hammonds*
                                                  **ROBERT L. HAMMONDS**