UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff* | * * * * | CIVIL ACTION NO. 69-14430 |
| VERSUS | * * | |
| CATAHOULA PARISH SCHOOL<br>BOARD, *et al.*,<br>    *Defendants* | * * * * | JUDGE DRELL |

* * * * * * * * * * * * * * * * * * * * * * * *

### RESPONSE OF CATAHOULA PARISH SCHOOL BOARD TO ORDER OF COURT FOR SHOW CAUSE HEARING

By Order of this Court dated January 24, 2019 (Record Document 27), Plaintiff United States of America and Defendant Catahoula Parish School Board ("School Board") were directed to have at least one counsel of record "appear and show cause why they should not be sanctioned according to Fed. R. Civ. P. 11 for failure to comply with this court's July 12, 2013 Order." The Court also ordered counsel for the parties "to show cause why a Special Master should not be appointed in this case to oversee the parties' cooperation in future work toward desegregation in Catahoula Parish schools." The School Board respectfully submits this pleading in advance of and in anticipation of the conference with the Court on March 20, 2019.

Undersigned counsel will begin by apologizing to the Court for overlooking the requirement in Record Document 20 that a scheduling order be submitted within thirty (30) days of the telephone status conference with the Court on July 12, 2013. Undersigned counsel is not going to offer explanations or make excuses. Rather, he is simply going to admit that he forgot about such requirement and failed to comply with it. As an officer of this Court for four (4) decades, he does

not believe that he has ever committed an omission of this type before but he is prepared to accept sanctions for that failure should the Court consider them to be necessary under the circumstances.

At the same time, however, counsel for the School Board does not want the Court to believe that this case has not been active since the July 12, 2013 telephone status conference. Indeed, undersigned counsel and Mr. Franz Marshall on behalf of the United States Department of Justice began communicating about the need to move this case forward prior to that telephone status conference. The School Board's October 1, 2012 Annual Report to the Court was resubmitted to Mr. Marshall for review prior to that conference. After that conference, Mr. Marshall and undersigned counsel communicated again and it was decided that, instead of the Justice Department making a new request for information, it would review the October 1, 2013 Annual Report filed with the Court as part of its assessment of defendant School Board's efforts toward unitary status. That report was filed on October 15, 2013, and communications with Mr. Marshall took place on October 18, 2013 and October 21, 2013. Mr. Marshall indicated at that time that his office would review the annual report and, if it felt that additional information was necessary, it would make a supplemental request for same.

In the summer of 2014, the Department of Justice made a request for additional information. Shortly thereafter, undersigned counsel communicated with Mr. Marshall about that information and about the possibility of the School Board obtaining full or partial unitary status. On October 15, 2014, the School Board submitted its annual report and received another information request from the Department of Justice. In December of 2014, undersigned counsel again communicated with Mr. Marshall regarding the School Board's response to the Justice Department information request made in October of that year. The School Board responded to such request on December 30, 2014 and

communicated with Daniel Ribonivitz of the Justice Department on January 5, 2015 regarding such response. Additional information was provided upon request to the Department of Justice in 2015 and 2016. In the spring of 2017, undersigned counsel again communicated with Mr. Marshall about the need to move this case toward unitary status.

On March 15, 2018, defendant School Board received another Department of Justice request for information. That request was responded to by the School Board on April 27, 2018. On May 8-9, 2018, a site visit of all schools in Catahoula Parish was conducted by Colleen Phillips, attorney for the Department of Justice. After that site visit, an additional information request was received from the Department of Justice and communications with Ms. Phillips continued regarding the status of all *Green* factors. Those discussions were underway at the time of receipt of this Court's Order of January 24, 2019 and have continued since that date. The School Board is optimistic that such discussions will lead in the next several months to amicable resolution of remaining *Green* factors in this case.[1] For that reason, the School Board does not feel that appointment of a special master "to oversee the parties' cooperation in future work toward desegregation in Catahoula Parish schools" is necessary at this time.

---

[1] One of the major concerns expressed by Ms. Phillips has been the effect that Delta Charter School has had on the Catahoula Parish Public School System. As of last count, ninety-eight (98) students had left Catahoula Parish public schools to attend Delta Charter School and four (4) certificated employees and one (1) Highly Qualified paraprofessional had left to accept employment at Delta Charter School. The loss of students costs defendant School Board approximately $1,000,000 per year in decreased MFP payments, which funds could have been used for employee salaries, renovation of facilities, purchases of educational technology and/or supplies, or other items impacting on the School Board's ability to provide equitable and quality services to students. The loss of certified personnel to Delta Charter School has contributed to the current situation of using uncertified personnel for some positions in some schools.

**CONCLUSION**

Again, undersigned counsel for defendant Catahoula Parish School Board sincerely apologizes to the Court for overlooking the scheduling order requirement of the July 12, 2013 Order. This case has been moving forward since that time, however, and has been picking up speed in recent months. The School Board does not feel that a special master is needed at this time, but it would like the opportunity to request one at a later date if negotiations to resolve remaining issues in this case reach a logjam.

Respectfully submitted,

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

  *s/ Robert L. Hammonds*
**ROBERT L. HAMMONDS**
Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Bar Roll No. 31703
**JOHN R. BLANCHARD**
Bar Roll No. 37036

## CERTIFICATE OF SERVICE

      I do hereby certify that a true and correct copy of the above and foregoing **RESPONSE** has been filed by electronic transmission to the Clerk of Court by use of the CM/ECF system which will send a notice of electronic filing to counsel registered with the Court for receipt of pleadings by e-mail.

      **BATON ROUGE, LOUISIANA,** this 5th day of March, 2019.

                                         *s/ Robert L. Hammonds*
                                         **ROBERT L. HAMMONDS**