UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** * | * | **CIVIL ACTION NO. 69-14430** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE DRELL** |
| | * | |
| **CATAHOULA PARISH SCHOOL** | * | |
| **BOARD,** *et al.*, | * | **MAG. JUDGE PEREZ-MONTES** |
| *Defendants* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OBJECTION TO NOTICE OF APPEARANCE AND MOTIONS TO ENROLL COUNSEL ON BEHALF OF THE LOUISIANA STATE CONFERENCE NAACP

**MAY IT PLEASE THE COURT:**

Currently pending before the Court are three (3) Motions to Appear *Pro Hac Vice* which seek to enroll, on behalf of the Louisiana State Conference NAACP ("NAACP"), Jessica Rabinowitz, Esq., Viona J. Miller, Esq., and William Kyle Tayman, Esq.[1] Additionally, on February 28, 2019, a notice of "Appearance of Counsel" was filed by Louis Granderson Scott, Esq., in which Mr. Scott indicated that he is appearing in this case also on behalf of the NAACP.[2] The Catahoula Parish School Board ("Board") respectfully objects to these pending Motions and the Notice of Appearance because the NAACP is not a party to this case.

---

[1] See Motions to Appear *Pro Hac Vice*, Record Documents 36-38.

[2] Record Document 34. Initially, Mr. Scott was listed on the ECF Docket as an individual plaintiff-intervenor, but it appears that the ECF docket has been updated to reflect that the NAACP is an amicus. However, the Board would point out that none of the above referenced filings clearly state the NAACP's intentions to participate as only an amicus in this case. Undersigned counsel acknowledges that they were contacted by and have spoken to Ms. Rabinowitz who indicated that the NAACP is intending to seek leave to appear as an amicus. Undersigned counsel indicated to her that the Board would not object to the filing of a motion (which has not yet been filed) seeking leave of Court to file as amicus in this matter, but reserved the right to object to the relief sought, i.e., entry into the case as amicus. With no such motion being filed, however, the Board does object to enrollment of counsel without a party, even with amicus standing, being permitted.

Firstly, and importantly, no motion has been filed in this case on behalf of the NAACP, whether to seek leave to intervene or to seek leave to appear as amicus. As such, the NAACP's proposed counsel are seeking to enroll on behalf of an entity that has not requested permission from the Court to participate in this litigation. It is axiomatic that counsel cannot participate in a case when they are not representing a party, interested or otherwise.[3] If and when the NAACP files an appropriate motion, then and only then should counsel request to enroll on their behalf. Because there is no motion from the NAACP seeking leave to participate in this case, the NAACP's proposed counsel should not be allowed to enroll and participate on behalf of a non-party.

Secondly, with respect to Mr. Scott, no motion was filed seeking the Court's permission to appear as counsel. Mr. Scott merely filed a one sentence "Notice of Appearance" that stated he is "admitted or otherwise authorized to practice in this court, and [he] appear[s] in this case as counsel for the [NAACP]."[4] It is unclear how Mr. Scott can appear as counsel of record on behalf of the NAACP, which is not a party to this case, particularly when he did not seek this Court's authorization to do so, by making a barebones statement that he "appears" as counsel. Accordingly, the Board objects to Mr. Scott's "Notice of Appearance" and respectfully submits that he should not be considered counsel of record in this cause.

Finally, with respect to the requests of Ms. Rabinowitz, Ms. Miller, and Mr. Tayman to enroll *pro hac vice*, they should also be denied because this Court has not authorized the appearance of counsel of record for the NAACP. This Court's Local Rules, in pertinent part, clearly establish that only "upon written motion of counsel of record" may a visiting attorney "be permitted to appear and

---

[3] *See, e.g.*, *State Farm Mut. Auto. Ins. Co. ex rel. Holley v. U.S.*, CIV.A. 02-1799, 2003 WL 1873089, at *2 (E.D. La. Apr. 10, 2003) (explaining that the Court denied a purported plaintiff's motion to enroll counsel because she was "not a party plaintiff in the matter"); *see also*, *Smith v. South Side Loan Company*, 567 F.2d 306, 307 (5th 1978) (attorney is "is not a party to this case and, thus, has no standing to continue this suit.").

[4] Rec. Doc. 34.

participate as co-counsel in a particular case."[5] As discussed above, Mr. Smith should not be considered counsel of record in this case. It is unclear then how Mr. Scott could file motions as local counsel of record to enroll visiting attorneys on behalf of a non-party. If and when Mr. Scott receives permission from this Court to enroll on behalf of the NAACP, only then could he file motions to enroll visiting attorneys. Accordingly, the Board respectfully submits that, because this Court has not authorized Mr. Scott to participate in this case, the pending motions to enroll *pro hac vice* are deficient in that they were not filed by a local counsel of record and, as such, should be denied.

**WHEREFORE**, the Catahoula Parish School Board objects to the currently pending Motions to Enroll and the Notice of Appearance and respectfully requests that this Court reject and/or deny Mr. Scott's mere statement that he is appearing as counsel on behalf of the NAACP, which is not a party, and also deny the requests of Ms. Rabinowitz, Ms. Miller, and Mr. Tayman to enroll *pro hac vice* on behalf of the NAACP.

**Respectfully submitted**, this the 13th day of March 2019.

          **CATAHOULA PARISH SCHOOL BOARD**

          **HAMMONDS, SILLS, ADKINS & GUICE**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: 225/923-3462
Facsimile: 225/923-0315

    /s/*Robert L. Hammonds*
**ROBERT L. HAMMONDS**
Louisiana Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Louisiana Bar Roll No. 31703
**JOHN RICHARD BLANCHARD**
Louisiana Bar Roll No. 37036

---

[5] Local Rule 83.2.6.