UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* | * * * * | **CIVIL ACTION NO. 69-14430** |
| **VERSUS** | * * | **JUDGE DRELL** |
| **CATAHOULA PARISH SCHOOL BOARD,** *et al.*, *Defendants* | * * * * | **MAG. JUDGE PEREZ-MONTES** |

* * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO LOUISIANA STATE CONFERENCE NAACP'S
MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF AND/OR
ALTERNATIVELY TO STRIKE AMICUS' EVIDENCE**

**MAY IT PLEASE THE COURT:**

Currently pending before the Court is the Louisiana State Conference NAACP'S ("NAACP") self-styled "Unopposed" Motion for Leave to File Amicus Curiae Brief.[1] As explained in greater detail below, the Catahoula Parish School Board (the "Board") respectfully submits that the Court should deny the NAACP's request to appear as amicus because its brief is untimely, neither useful nor otherwise necessary to the administration of justice, and, perhaps most importantly, attempts to argue *factual* issues and seeks relief, which goes far beyond the limited role of an amicus. Alternatively, should the Court grant the NAACP leave to be an amicus in this case, the proposed "evidence" attached to the filing made by the NAACP should be struck because, as a non-party to a lawsuit, an amicus is prohibited from submitting evidence. Finally, the NAACP should not be allowed to participate during the hearing.[2]

---

[1] Record Document 44.

[2] The NAACP filed the instant Motion only five (5) days before the scheduled March 20, 2019 hearing. This Court's Local Rules afford a party opposed to a motion 21 days within which to file an opposition. *See* Local Rule 7.5. However, given the NAACP's erroneous statement that the Board does not oppose its request to be an amicus and the NAACP's anticipated attempt to participate in some way during the March 20, 2019 hearing, the Board submits the instant Opposition at this time. If the Court grants the NAACP amicus status and allows the Proposed Amicus Brief to be filed in the Record, the Board would respectfully request and/or reserve the right to fully respond in accordance with LR 7.5.

**I.      NAACP Should be Denied Leave to Participate as Amicus**

As an initial matter, the NAACP's Motion represents to the Court that "[c]ounsel for the United States and [the Board] have consented to the filing of this amicus brief."[3] This statement is incorrect. Undersigned counsel communicated with the NAACP's proposed counsel, Jessica Rabinowitz, Esq., via telephone, on or around February 25, 2019. Undersigned counsel informed Ms. Rabinowitz that the Board would not oppose the NAACP's *filing* of the instant Motion seeking to be granted authority by the Court to participate in this litigation as an amicus. However, undersigned counsel told Ms. Rabinowitz that the Board *could not respond* as to whether the Board would or would not oppose *the merits* of the NAACP's request to be an amicus until it had an opportunity to review the NAACP's Motion. Undersigned counsel was never provided a copy of the NAACP's Motion prior to it being filed with the Court. Nevertheless, for the reasons detailed below, the Board opposes the NAACP's Motion.

**A.      Legal Standards for Amicus in District Court**

Another division of this Court has recently explained:

> An individual who participates as an amicus curiae is not a party in the litigation. Rather, his purpose is to submit briefing that will assist the court without duplicating or advocating for a party to the suit. There is no rule governing the appearance of an amicus curiae in the district courts. Instead, "[d]istrict courts have inherent authority to appoint or deny amici" as derived from Federal Rule of Appellate Procedure 29. "The concerns of necessity and timeliness which undergird [Rule 29] appear no less important in the district court than in the court of appeals." Courts instead refer to Rule 29 in determining whether to grant leave to file an amicus brief. Though the decision still lies solely within the district court's discretion, the court may be guided by factors such as whether the proffered information is "timely and useful or otherwise necessary to the administration of justice."[4]

Additionally, the key differences between a party and an amicus have been explained as follows:

---

[3] Rec. Doc. 44 at p. 2.

[4] *Pegasus Equine Guardian Ass'n v. U.S. Army*, 2:17-CV-0980, 2019 WL 362598, at *1 (W.D. La. Jan. 28, 2019) (citations omitted).

> "The bright line between an amicus and a named party centers around control of the litigation. The named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues. Further, an amicus has no right to appeal or dismiss issues." A person appearing amicus curiae does not have party status and does not have all the rights of a party, including the right of full participation in the proceedings as well as the right of appeal or further participation in the proceedings.[5]

Moreover, as to whether a court should grant a person and/or entity amicus status, the Southern District of Texas has explained that "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance."[6] And, importantly:

> A district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact issues. "An *amicus* who argues facts should rarely be welcomed." An *amicus* may be useful at the appellate level but not in the district court.[7]

As detailed below, the NAACP's request to be an amicus in this case is untimely, neither useful nor otherwise necessary to the administration of justice, and impermissibly attempts to argue factual issues.

**B.     NAACP's Request Untimely**

The NAACP's Motion is untimely not only under Rule 29 of the Federal Rules of Appellate Procedure ("FRAP"), but also because it is attempting to enter into a nearly fifty (50) year old desegregation case. The NAACP does not appear to support either the position of the United States or the Board, thus FRAP(a)(6) requires that an amicus "that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed." On February 26,

---

[5] *Parm v. Shumate*, CIV.A. 3-01-2624, 2006 WL 1228846, at *1 (W.D. La. May 1, 2006) (citations omitted).

[6] *Club v. Fed. Emerg. Mgt. Agency*, CIV.A. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (quotation omitted; citing *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir.1970)).

[7] *Club*, 2007 WL 3472851, at *1 (citations omitted).

2019, the Board filed its brief in response to the Court's January 24, 2019 Order regarding "the use of unqualified teachers at Block High School or the disparity among physical conditions at Catahoula Parish high schools." The United States filed its Brief on February 28, 2019. Additionally, regarding the Court's show cause portion of said Order, the Board filed a Response Memorandum on March 5, 2019.

With these dates in mind, the latest the NAACP could have timely filed its Motion under FRAP 29 was March 12, 2019. The NAACP did not file the instant Motion until March 15, 2019. As such, the NAACP's motion is untimely and should be dismissed.

The Board acknowledges, however, that the deadline under FRAP 29 is flexible in that the Court may, "for good cause shown,"[8] extend the deadline, but only "so long as the opposing party is given adequate time to respond to issues raised in the amicus brief."[9] Here, the NAACP has not made any attempt to request or demonstrate why this Court should extend the 7 day deadline. Moreover, requiring the parties to respond to the NAACP's request sometime within the 5 days before the hearing would be well below the Court's standard 21 day response time under Local Rule 7.5.[10] As no request for an extension has been made, the NAACP's Motion should be denied as untimely.

Finally, while the NAACP asserts that it has a "fundamental interest in ensuring that *Brown's* mandate is upheld and all students have access to education on equal terms," they have had nothing to do with *this case* for nearly a half century. While the Board does not doubt that the NAACP does have such an interest in general, it is telling that the NAACP did not request to be an amicus at any other time in this long standing litigation. To allow them to be involved now would undoubtedly be untimely.

---

[8] Fed. R. App. Proc. 29, cmt. (e).

[9] *Pegasus*, 2019 WL 362598, at *2 (citing Fed. R. App. Proc. 29, cmt. (e)).

[10] While undersigned counsel immediately began to prepare the instant Opposition after it was filed so that the Board's Opposition could be on the Record, the Board maintains that less than 5 days to file an opposition is not "adequate."

Accordingly the Board respectfully submits that the NAACP's request to be an amicus and to file an amicus brief should be denied as untimely.

        **C.**        **The NAACP Brings Nothing Useful or Otherwise Necessary to this Case**

The NAACP is attempting to argue in this old case (without attempting to intervene) largely based on an anonymous letter and a highly skewed YouTube video. The NAACP makes claims that there are allegedly "numerous disparities in the physical conditions and quality of education between Catahoula Parish Schools that largely fall along racial lines,"[11] and that "neither [the United States nor the Board] has actively sought to comply with or enforce the original desegregation order[.]"[12]

The recently filed briefs by the United States and by the Board clearly demonstrate, however, how little the NAACP knows about this case, the parties continuous and ongoing communications over the years, or about the Board's schools in general. For example, the NAACP's proposed Amicus Brief claims that students at Block High receive a "poor quality of education" and that the Board is not providing adequate educational materials to that school.[13] In stark contrast to this allegation, the United States, who has monitored the Board for years and has conducted multiple site visits, detailed in its brief how "few disparities exist between the educational materials provided to students at the six schools."[14] Additionally, the Board detailed how Block High School has received a "B" rating from the Louisiana Department of Education, which is the same rating received by Harrisonburg High School and Sicily Island High School.[15]

---

[11] Rec. Doc. 44 at p. 2.

[12] *Id.* at p. 3.

[13] Proposed Amicus Brief, Rec. Doc. 44-1 at p. 15. The Board maintains, as explained below, that factual evidence and/or arguments cannot be made by an amicus. Nevertheless, the NAACP's claims demonstrate their lack of understanding of the facts of this case.

[14] United States' Response Brief, Record Document 33 at p. 8.

[15] Board's Response Brief, Rec. Doc. 32 at p. 5.

Further, the NAACP attempts to argue that the Board's schools are "largely segregated." For example, the NAACP touts Central High School's "over 90% white" student population to argue that the Board has not achieved unitary status.[16] The NAACP makes similar arguments with respect to Harrisonburg High School's 85% white student population. The NAACP makes no mention, however, that Central is a K-12 school with a *total* student population of 67 students, nor that Central is geographically isolated in the southern end of Catahoula Parish approximately 25 miles from the next school. Perhaps most importantly, the NAACP does little more than acknowledge that this Court reviewed and approved the current student attendance zones and/or school closures over many years.[17]

Moreover, the NAACP's proposed amicus brief is not merely an amicus brief; in reality, it is a thinly veiled attempt to act as an intervenor by arguing facts and submitting evidence. As noted above, "[a]n *amicus* who argues facts should rarely be welcomed."[18] And, as another division of this Court noted in one case when instructing an amicus that they could not "submit evidence" or "attach[ ] documents to its amicus brief," an amicus' "sole status in this proceeding is to assist the court with regard to the issues raised by the parties to the suit based on the evidence submitted by them in the suit. To permit further participation would be, in effect, to grant [amicus] intervenor status, which will not be done at this late stage in this proceeding which has been pending [for five years]."[19]

This Court is more than familiar with attempted interventions in this case. Indeed, in 1994, this Court considered a proposed intervention by "Save our Schools," an unincorporated association, which

---

[16] Proposed Amicus Brief, Rec. Doc 44-1 at p. 14.

[17] *See, e.g.,* Order, Record Document 11 (granting consolidation of schools in Harrisonburg and Sicily Island attendance zones); August 7, 1995 Order, on Paper Docket, Rec. Doc. 1 at p. 4 (authorizing closure of Manifest Elementary School); July 7, 1994 Judgment, on Paper Docket, Rec. Doc. 1 at p. 4 (authorizing, *inter alia*, closure of Enterprise High School); August 7, 1980 Judgment, on Paper Docket, Rec. Doc. 1 at p. 3 (authorizing grade reconfiguration of Jonesville Elementary, Junior High, and Block High schools).

[18] *Club*, 2007 WL 3472851, at *1 (citing *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)).

[19] *Parm*, 2006 WL 1228846, at *1.

opposed the Board's proposal at that time to, *inter alia*, close Enterprise High School and make certain attendance zone changes. The Board and the United States opposed that intervention. This Court denied the intervention as untimely on July 7, 1994, and again on July 18, 1994, after "Save our Schools" re-urged their intervention.[20]

The NAACP attached to its proposed Amicus Brief four (4) declarations, an anonymous letter, and a letter sent to undersigned counsel[21] and bases a large portion of its arguments on alleged "dire facts" it presents to the Court.[22] If the NAACP wanted to present facts to the Court, the proper procedure would be for it to have sought leave to intervene. A non-party should not be allowed to "intervene" in long-standing litigation by filing an amicus brief that submits evidence and argues facts.

Further, the NAACP is attempting to seek relief that no other party is seeking. Notwithstanding the NAACP's legal arguments in favor of a special master, the NAACP is apparently trying to *oppose* the Board's proposal to close Jonesville Junior High and to reorganize the grade structures of Jonesville Elementary and Block High schools.[23] The NAACP claims the Board's proposal is "problematic" and that Block High "does not have adequate facilities" (again, based on impermissible and incorrect factual evidence).[24] However, the Board has not yet submitted its proposal to the Court, so it is not clear how the NAACP could present such an opposition.

The Fifth Circuit has long held that "amicus curiae ... cannot control the course of th[e] litigation

---

[20] For the Court's convenience, the Board attaches these referenced 1994 Court Rulings as Exhibit A, *in globo*.

[21] *See* Record Documents 44-2 through 44-7.

[22] *See, e.g.,* Proposed Amicus Brief, pp. 14-20.

[23] Proposed Amicus Brief, Rec. Doc. 44-1 at pp. 23-24.

[24] *Id.* at 23.

to the extent of requesting individual relief not requested by anyone else."[25] Nevertheless, the Board would submit that the NAACP's claims in this regard are meritless. The Board has been continuously working with the United States on this proposed plan over the last several months. In fact, the United States has requested (and the Board has consented) to allow a facilities expert to inspect certain schools to ensure there will be no issues with the closure of Jonesville Junior High. The Board also agreed to wait until the United States' expert had an opportunity to conduct his inspection before filing a motion with the Court seeking consolidation of the schools in Jonesville. That inspection is currently scheduled to take place on March 19, 2019, and the Board anticipates filing a motion shortly thereafter.

Further, the NAACP argues that a special master is necessary in this case. However, as recently explained, the Board is optimistic that ongoing discussions with the United States will lead to amicable resolution of the remaining *Green* factors in this case in the next several months.[26] For this reason, the Board maintains that a special master is not necessary at this time. Despite the NAACP's numerous arguments, it fails to even acknowledge that the parties are actively working to bring this case to a close in the near future.

Ultimately, the motives of the NAACP are clear. It seeks to inject highly exaggerated and highly emotional claims into this case in an effort to keep this litigation going. The NAACP has not offered anything useful or otherwise necessary to this case. The United States is represented by skilled and dedicated counsel who have more than adequately monitored the Board and represented the interests of black children matriculating through the Board's schools. To allow the NAACP to participate as an

---

[25] *Bing v. Roadway Exp.*, Inc., 485 F.2d 441, 452 (5th Cir. 1973) (citing 1B Moore's Federal Practice ¶ 0.411[6], p. 1551); *see also*, *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1325 (11th Cir. 2013) ("we will not allow an amicus curiae who asserts an argument on behalf of absent class members in a class action to attempt to 'control the course of th[e] litigation to the extent of requesting individual relief not requested by anyone else.'" (quoting *Bing*, 485 F.2d at 452)); *Parm*, 2006 WL 1228846, at *1 ("An amicus cannot initiate, create, extend, or enlarge issues").

[26] Board's Response Brief to Show Cause Order, Rec. Doc. 35 at p. 4.

amicus at this time would needlessly delay this case and unnecessarily complicate the upcoming hearing.

In sum, the NAACP's request to be an amicus and file an amicus brief is untimely both under FRAP 29 and because of its attempt to join this case decades after it was initiated. Further, the NAACP is impermissibly attempting to argue and assert new facts as an amicus and to request relief no other party has requested. For these reasons, the Board respectfully submits that the Court should deny the NAACP's Motion for Leave to File Amicus Brief.

## II.     Alternatively, NAACP's Evidence Should be Stricken

In the alternative, should this Court grant the NAACP leave to participate as an amicus, the Board respectfully submits that the NAACP's proposed evidence should be not be allowed and should be stricken from the record. As noted above, large portions of the NAACP's arguments are derived from four (4) declarations, an anonymous letter, and a letter sent to undersigned counsel. As discussed above, allowing the NAACP to submit evidence or attach documents to its amicus brief would impermissibly allow it to participate as an intervenor without going through the proper procedures, i.e., a motion to intervene.[27] As such, the Court should not allow the NAACP to argue facts and submit evidence. Therefore, the Board respectfully submits that the NAACP's proposed evidence (Record Documents 44-2 through 44-7) should not be allowed to be filed into the Record and/or should be stricken from the Record. Similarly, and only of the Court grants leave for the NAACP to file its brief, the Board would also request that all references to facts and evidence therein be stricken therefrom.

## III.    The NAACP Should not be Allowed to Participate in Hearing

Finally, in an abundance of caution, the Board would also oppose any attempt by the NAACP to participate during the upcoming March 20th hearing. Though NAACP has made no request yet to do so, undersigned counsel anticipates that the NAACP may nevertheless attempt to participate in an

---

[27] *See Parm*, 2006 WL 1228846, at *1.

...

effort to get before the Court the "evidence" it is attempting to submit into the Record. However, even at the appellate level, an amicus "may participate in oral argument *only with the Court's permission*."[28] And, as discussed above, the NAACP cannot argue facts as an amicus. For these reasons, the Board would object to the NAACP's participation in the upcoming March 20th hearing.

**IV.    Conclusion**

The Catahoula Parish School Board respectfully submits that the Louisiana State Conference NAACP should not be allowed to participate in this litigation as an amicus. Not only is the NAACP's request untimely, the NAACP (as an amicus) should not be allowed to submit and argue facts and evidence or seek relief. Alternatively, if the Court were to allow the NAACP to file its proposed Amicus Brief, the Board submits that its extrinsic evidence should not be allowed to be filed and/or should be stricken from the record and its proposed Amicus Brief. Allowing such "evidence" to be submitted into the Record would, in essence, be giving intervention status to an amicus. Finally, the Board submits that the NAACP should not be allowed to participate in the upcoming March 20th hearing.

Respectfully submitted, this the 18th day of March 2019.

**CATAHOULA PARISH SCHOOL BOARD**

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

   *s/ Robert L. Hammonds*
**ROBERT L. HAMMONDS**
Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Bar Roll No. 31703
**JOHN R. BLANCHARD**
Bar Roll No. 37036

---

[28] Fed. R. App. Proc. 29(a)(8).