RECEIVED
APR - 2 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 69-CV-14430 |
| -vs- | JUDGE DRELL |
| SCHOOL BOARD OF CATAHOULA PARISH, ET AL. | MAG. JUDGE PEREZ-MONTES |

## ORDER

Based upon recent news of circumstances existing in Catahoula parish schools, a hearing was set for March 20, 2019. In advance of the hearing, all parties were asked to provide briefs addressing the issues raised in a recent news segment featuring the apparent disparity between conditions at Block High School and Harrisonburg High School.

Present at the hearing were counsel for Catahoula Parish School Board ("Catahoula"), the United States Department of Justice ("Government"), and the National Association for the Advancement of Colored People ("NAACP").[1] Counsel for NAACP appeared in support of their recent motions for leave to file an *amicus curiae* brief and to appear *pro hac vice* in this matter. (Docs. 36, 37, 38 and 44).

We note that attorney Louis Scott, already admitted to practice before this court, filed a notice of appearance prior to the hearing and, for that reason, we need not revisit his status in this suit. (Doc. 34). Based on our review of the proposed amicus brief and the remarks by Mr. Scott

---

[1] We note that most members of the Catahoula Parish School Board were also present at this hearing and thank them for their willing participation in these proceedings. The court believes that the attitudes of the parties in cases like this one is key to reaching solutions to the serious problems that plague schools and diminish the education offered to young people to whom we all have a responsibility.

1

and attorney Viona Miller, the court finds that the various motions by NAACP should be granted and, accordingly, it is hereby

ORDERED that NAACP's motion for leave to file its *amicus* brief in this matter (Doc. 44) is GRANTED, limited to its input on the issue of the court's potential appointment of a special master. It is further

ORDERED that the motions seeking the court's permission to enroll pro hac vice in this case by Viona Miller (Doc. 37), Jessica Rabinowitz (Doc. 36) and William Tayman (Doc. 39) are GRANTED.

Remarks and explanation by counsel for both the Government and Catahoula were helpful to the Court in delineating what was not, before then, in the record. More specifically we were heartened that, in actuality, much had been going on between counsel for both sides in attempts to remedy the very deficiencies that prompted the hearing. Accordingly, we reserve to another day the actual appointment of a Special Master in this case.

Counsel for the Government was especially clear in the Justice Department's intention to do whatever was necessary to work with Catahoula to rectify present building and instructional concerns. In that regard, we note the NAACP's several comments to the effect that actual desegregation has been elusive in Catahoula Parish, despite the continued operation of desegregation orders for many years. Our review of the prior orders indicates that, until relatively recently, the racial demographics in the parish and the school diversity numbers have been fairly consistent. In order to have all appropriately available input before the Court to measure future progress, therefore, we allowed the NAACP to enroll as *amicus curiae* in a limited capacity but also so that it might be able to provide its input to the attorneys for The Government and School Board as this case progresses.

It has been this judge's effort in all remaining desegregation cases inherited nearly sixteen years ago, to have the parties actively work toward satisfaction of the factors set out in Green v. County School Board of New Kent County, 391 U.S. 430 (1968) and, once the Green factors were satisfied to grant unitary status. Indeed, this was the original stated goal of Brown vs Board of Education, 347 U.S. 483 (1954) and its progeny. We have learned that, when school boards and communities work together to enhance the educational opportunities for their children, much can be accomplished.

Therefore, going forward, we will expect the following, inter alia:

1. The parties shall keep the Court apprised of their progress in remedying the immediate deficiencies at Block High School by narrative joint (Government and School Board) reports every two months, the first report being due June 1, 2019. These reports are IN ADDITION TO the present periodic statistical reports being submitted by the School Board;

2. The parties shall confer on a new Plan of Work, directed to the proposition that unitary status is possible in Catahoula Parish and outlining the steps intended to carry forward satisfaction of the Green factors. This Plan of Work shall be submitted to the Court on or before September 1, 2019.

3. Counsel for the parties shall appear for an in-person status conference in chambers on September 18, 2019 at 1:30 PM. Status briefs shall be filed with the Court no later than seven (7) days prior to the hearing. Presence of school board members is not presently required for appearance at this conference unless otherwise ordered.

IT IS SO ORDERED.

Finally, it is ORDERED the show cause order for previous non-compliance is DISMISSED based upon the explanations provided to the Court for the inadvertent failure to file a previously ordered Plan of Work.

THUS DONE AND SIGNED this 1st day of April March, 2019 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT