UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* | * * * | **CIVIL ACTION NO. 69-14430** |
| **VERSUS** | * * | **JUDGE JAMES** |
| **CATAHOULA PARISH SCHOOL BOARD,** *et al.,* *Defendants* | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER REGARDING TRANSPORTATION**

For many years, Plaintiff United States and Defendant Catahoula Parish School Board (the "Board") have cooperatively worked together in an effort to resolve this longstanding desegregation case. As a result of those efforts, the Board has complied with its obligations and has eliminated, to the extent practicable, any vestige of the prior *de jure* segregated system in the area of transportation. Therefore, the Court finds, based on the reasons stated below, that the Board is entitled to a declaration of unitary status and dismissal of the desegregation injunction as to transportation.

**I.     BACKGROUND**

The United States initiated this lawsuit against the Board on February 10, 1969, seeking to enjoin the Board from operating a dual school system based on race. On July 29, 1969, this Court ordered the Board to effectuate a desegregation plan designed to disestablish the dual school system that existed in the Catahoula Parish School District, and permanently enjoined the Board from discriminating on the basis of race or color in the operation of the school system. On August 1, 1969, this Court issued a decree that, in pertinent part, required the Board to integrate, re-organize, and totally desegregate its transportation system.

On August 23, 1993, this Court authorized the Board to implement a new Student Enrollment and Transfer policy.  That policy required, *inter alia*, that the Board "shall provide transportation only to those inter/intra-district transfer students who have been verified as being properly enrolled in the school district[.]"

## II.   LEGAL STANDARDS FOR PARTIAL UNITARY STATUS

The ultimate goal in every desegregation case is to eliminate the vestiges of past de jure segregation from all aspects of school operations to the extent practicable and, thereby, achieve full unitary status.[1]  Federal court supervision of a local school system is intended to remedy the constitutional violation and, after unitary status has been achieved, to return control of the school system to the locally elected school board.[2]

The United States Supreme Court has described six areas of operation that must be free from racial discrimination before full unitary status is achieved: (1) student assignment; (2) faculty assignment; (3) staff assignment; (4) extracurricular activities; (5) facilities; and (6) transportation.[3] Each of these "*Green* factors" may be considered individually and a school district may achieve partial unitary status as to these factors one at a time such that federal judicial supervision is relinquished incrementally.[4]

In order to secure a declaration of unitary status as to one (or more) of the *Green* factors, the Board must demonstrate, as to each specific factor, that it has complied in good faith with the desegregation decree for a reasonable period of time and that the vestiges of past discrimination have

---

[1] *Freeman v. Pitts*, 503 U.S. 467, 489 (1992).

[2] *Freeman*, 503 U.S. at 489.

[3] *Green v. Sch. Bd. of New Kent County*, 391 U.S. 430, 435 (1968).

[4] *Green*, 391 U.S. at 489-91.

been eliminated to the extent practicable.[5] For each *Green* factor, if the facts reveal no continued discrimination and the Board has made good faith efforts to enforce the desegregation decree (including affirmative efforts to eliminate the vestiges of the prior discrimination), this Court may declare that the Board has achieved unitary status as to that factor while retaining continued jurisdiction over the remaining factors until such time as unitary status is achieved in the remaining areas.[6]

## III. TRANSPORTATION

To satisfy the legal standards for a declaration of unitary status in the area of transportation, "[b]us routes and the assignment of students to buses [sha]ll be designed to insure the transportation of all eligible pupils on a non-segregated and otherwise non-discriminatory basis."[7] Furthermore, "the transportation system ... shall be completely re-examined regularly by the superintendent, his staff, and the school board."[8] This Court's remedial orders addressed both of these standards by setting out various obligations that required the Board to operate its transportation system in a nondiscriminatory basis.

The Board has complied with the terms of the Court's Orders and Decrees and has met the legal standards for a declaration of partial unitary status in the area of transportation. First, the Board has implemented and fairly enforced policies that demonstrate its continuing commitment to a fair and equal opportunity for all students, regardless of race, to receive transportation services in a non-discriminatory manner. Secondly, the Board has fully complied with the provisions of the Court's Orders and Decrees by implementing the remedial measures set forth therein.

---

[5] *Board of Educ. of Oklahoma City Pub. Schs. v. Dowell*, 498 U.S. 237, 249-50 (1991).

[6] *Freeman*, 503 U.S. at 490-91.

[7] *Singleton v. Jackson Mun. Separate Sch. Dist.*, 419 F.2d 1211, 1218 (5th Cir.1969).

[8] *Singleton*, 419 F.2d at 1218.

On March 14, 2018, the United States requested data from the Board related to, *inter alia*, its obligations related to transportation, including bus route maps and copies of rider lists. The Board provided the requested data on April 27, 2018. After reviewing the Board's transportation data, the United States does not oppose the Board's motion. Therefore, by Unopposed Motion, the Board has requested herein that this Court withdraw its supervision and dismiss its injunction as to the area of transportation only.

For the reasons stated above, the Court finds that the Board has met its obligations regarding transportation and, thus, has effectively eradicated, to the extent practicable, any vestige of past *de jure* segregation in that area of operation. Therefore, the Court finds that the Board, with respect to the operation of its transportation system, is in compliance with its remedial obligations set forth in the Court's Orders and Decrees.

**IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED, AND DECREED** that the Catahoula Parish School Board has achieved unitary status in the area of transportation and, accordingly, a judgment shall issue declaring the Board to be unitary in the area of transportation, terminating the desegregation injunction and all orders emanating therefrom as such relate to transportation, and withdrawing the Court's supervision over that area of operation.

**SO ORDERED, ADJUDGED, AND DECREED**, this the ____ day of _____, 2019.

_____
**UNITED STATES DISTRICT COURT JUDGE**

**APPROVED AS TO FORM AND CONTENT:**

                                        **For Defendant, CATAHOULA PARISH SCHOOL BOARD**

                                        **HAMMONDS, SILLS, ADKINS & GUICE**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: 225/923-3462
Facsimile: 225/923-0315

_/s/ Robert L. Hammonds_
**ROBERT L. HAMMONDS**
Louisiana Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Louisiana Bar Roll No. 31703
**JOHN RICHARD BLANCHARD**
Louisiana Bar Roll No. 37036