UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff* | * | CIVIL ACTION NO. 69-14430 |
| VERSUS | * | JUDGE JAMES |
| CATAHOULA PARISH SCHOOL<br>BOARD, *et al.*,<br>  *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PETITION FOR REMOVAL AND CONSOLIDATION

Defendant Catahoula Parish School Board (the "Board"), in accordance with 28 U.S.C. §§ 1331, 1441, 1446, and 1651, respectfully moves the Court for entry of an order removing to this Court the case of *John Wesley Smith, etux. v. Catahoula Parish School Board*, # 29676 "A" currently pending in the District Court for the Seventh Judicial District of Louisiana and would show as follows.

On July 29, 1969, this Court ordered the Board to effectuate a desegregation plan designed to disestablish the dual school system that existed in Catahoula Parish, and permanently enjoined the Board from discriminating on the basis of race or color in the operation of the school system. Since that time, this Court has issued several orders regarding student attendance zones and student transfer requirements.

On August 23, 1993, this Court issued an order approving a Student Enrollment and Transfer Policy that, in pertinent part, set forth the requirements for a student to obtain a health/medical transfer.[1] The Board continues to operate under this Order and policy. That Court approved policy provides:

---

[1] Order, Record Document 1-12.

> Health (Medical)
> A student transfer to a school outside the assigned attendance zone for medical reasons must be approved under the following guidelines:
>
>> (1) Written support by a licensed medical doctor describing medical problem or conditions and why such problem or condition necessitates a transfer.
>>
>> (2) Transfer to another school and the school of choice must be justified by and connected with the medical condition, need for treatment, proximity to the office of the doctor who currently treats the student, proximity to hospital or medical center and the existing medical condition.[2]

After the 2018-2019 school year, the Board required that students reapply for transfers. The Board convened a Student Transfer Committee (the "Committee") to review all transfer applications. Particular to this matter, E.S. resides within the Jonesville attendance zone. E.S. applied for a medical transfer seeking to continue attending school at Harrisonburg High School for her 8th grade year. Upon review of E.S.'s application, the Committee determined that E.S. did not satisfy the above requirements for a medical transfer. In sum, the Committee determined that same or similar services are offered at both Block High School and Harrisonburg High School, an ambulance is stationed in both cities, that E.S. would be closer to her doctor at Block High School, and that E.S. has a health plan that authorizes her to carry necessary medication at all times. Accordingly, the Committee denied the application.

On August 7, 2019, John Wesley Smith and Jill Lossin Smith on behalf of E.S. initiated a state court proceeding seeking an immediate *ex parte* order requiring the Board to enroll E.S. in Harrisonburg High School rather than Block High School. On August 9, 2019, that state court issued an *ex parte* order directing the Board to immediately allow E.S. to attend Harrisonburg until her graduation, which would be in 2024. That order also requires the Board to appear on August 29, 2019 to show cause why E.S. should not be allowed to attend school at Harrisonburg and to disclose who

---

[2] Student Enrollment and Transfer Policy, Record Document 1-11 at pp. 11-12.

served on the Student Transfer Committee. The state court citation, petition, order, and related documents are attached hereto as Exhibit A.[3]

Federal subject matter jurisdiction is created and removal is appropriate pursuant to 28 U.S.C. § 1443 when a state court lawsuit is "a direct attack upon a school board's implementation of a desegregation plan[.]"[4] Additionally and/or alternatively, it is well established that a federal court has broad power under the All Writs Act, 28 U.S.C. § 1651 "to enjoin third parties, including state courts, from interfering with its desegregation orders."[5] Here, while the state court petition does not mention this desegregation case (it briefly mentions a non-specific "federal court case" in one sentence), it directly implicates the Board's ability to implement the remedial orders of this Court with respect to both student attendance zones and transfers. The state court order directs the Board to assign a student to a school contrary to student attendance zones and also the transfer policy approved by this Court. Accordingly, the Board submits that removal and consolidation is appropriate.

In accordance with 28 U.S.C. § 1446(d), the Board will promptly file a copy of the Petition for Removal with the Clerk for the Seventh Judicial District of Louisiana and will give written notice of this Petition for Removal to the Smith Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, the Catahoula Parish School Board respectfully moves for entry of an order:

1.     Removing to this Court the case of *John Wesley Smith, etux. v. Catahoula Parish School Board*, # 29676 "A" currently pending in the District Court for the Seventh Judicial District of Louisiana.

---

[3] In accordance with Federal Rule of Civil Procedure 5.2 and Local Rule 5.7.12, E.S.'s full name has been redacted from these documents. Such redaction is the only change made therein.

[4] *Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005).

[5] *Valley v. Rapides Par. Sch. Bd.*, 646 F.2d 925, 943 (5th Cir. 1981), *on reh'g*, 653 F.2d 941 (5th Cir. 1981).

2.	Vacating the August 9, 2019 order entered in that action ordering the Board to enroll E.S. at Harrisonburg High School, to identify the Student Transfer Committee members, and to set a show cause hearing for August 29, 2019.

3.	Consolidating the case of *Smith v. Catahoula Parish School Board*, with the instant case, and setting the order to show cause therein for hearing at a time and place convenient for this Court.

The Board also prays for such other and further relief as may be necessary or appropriate in aid of this Court's jurisdiction pursuant to 28 U.S.C. § 1651.

**RESPECTFULLY SUBMITTED**, this the 16th day of August 2019.

> **CATAHOULA PARISH SCHOOL BOARD**
>
> **HAMMONDS, SILLS, ADKINS & GUICE**
> 2431 S. Acadian Thruway, Suite 600
> Baton Rouge, Louisiana 70808
> Telephone: 225/923-3462
> Facsimile: 225/923-0315
>
> */s/ John Richard Blanchard*
> **ROBERT L. HAMMONDS**
> Louisiana Bar Roll No. 6484
> **PAMELA WESCOVICH DILL**
> Louisiana Bar Roll No. 31703
> **JOHN RICHARD BLANCHARD**
> Louisiana Bar Roll No. 37036