UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff* | * <br> * <br> * <br> * | CIVIL ACTION NO. 69-14430 |
| VERSUS | * <br> * | JUDGE ROBERT G. JAMES |
| CATAHOULA PARISH SCHOOL<br>BOARD, *et al.*,<br>*Defendants* | * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT:**

Near the close of business on Friday, September 6, 2019, the Louisiana State Conference NAACP (NAACP), an *amicus* in this matter, made an "emergency" request to be allowed to participate in site visits scheduled for September 9 and 10, 2019 and also to receive every report the Catahoula Parish School Board ("Board") provides to the United States "describing progress toward unitary status."[1] That same day, before the Board had an opportunity to oppose that request, the Court granted the NAACP's requested relief.[2] As detailed below, the Board respectfully submits that the Court should reconsider its Order because it is procedurally improper for an *amicus* to file any motion without obtaining leave of Court beforehand. Additionally, the NAACP, as a non-party *amicus* with a limited role in this case, is not entitled to the sweeping relief it requested, which includes being allowed to participate in discovery. Importantly, the NAACP's so-called "emergency" was of its own creation, and the Board informed the NAACP that it could request its own site visit to be scheduled at a later date and time. Accordingly, the Board respectfully submits that the Court should reconsider its Order and

---

[1] *See* Amicus Louisiana State Conference NAACP's Emergency Request for Relief in Response to the Parties' Joint Proposed Plan of Work, Record Document 65.

[2] Order, Record Document 66.

deny the NAACP's motion.

## I.     Procedural History

On March 12, 2019, counsel for the NAACP initial attempted to enroll in this case.[3]  The Board

objected to these motions.[4]  The Court denied the motions at that time because the NAACP was not

a party to this litigation and no motion to appear as an *amicus curiae* was pending; however, the Court

allowed the requests to be re-urged, if appropriate, at another time.[5]   Thereafter, on March 15, 2019,

the NAACP filed its Motion for Leave to File Amicus Curiae Brief.[6]

The Board opposed the NAACP's motion, in sum, because the NAACP's request to be an

*amicus* was untimely (coming nearly fifty (50) years after the case was initiated), neither useful nor

otherwise necessary to the administration of justice, and attempted to argue factual issues and sought

relief that no party requested, which went far beyond the limited role of an *amicus*.[7]  Alternatively, if

allowed to file an *amicus* brief, the Board requested that the NAACP's evidence be stricken because

*amicus* are prohibited from submitting evidence.[8]

Subsequent to the March 20, 2019 hearing, during which the NAACP's counsel were prohibited

by the Court from making any argument on the record, the Court entered an Order on April 2, 2019

which granted the NAACP limited *amicus* status.  Specific to the NAACP, the Order states as follows:

> Based on our review of the proposed amicus brief and the remarks by Mr. Scott and
> attorney Viona Miller, the court finds that the various motions by NAACP should be
> granted and, accordingly, it is hereby

---

[3] *See* Motions to Appear *Pro Hac Vice*, Record Documents 36-38.

[4] *See* Board's Objection, Record Document 39.

[5] Order, Record Document 40.

[6] *See* NAACP Motion or Leave to File Amicus Curiae Brief, Record Document 44.  The Board notes that the NAACP self-styled that motion as "unopposed," when it was, in fact, opposed.

[7] *See* Board's Opposition, Record Document 45.

[8] *Id.*

ORDERED that NAACP's motion for leave to file its *amicus* brief in this matter (Doc. 44) is GRANTED, <u>limited to its input on the issue of the court's potential appointment of a special master</u>. It is further

ORDERED that the motions seeking the court's permission to enroll pro hac vice in this case by Viona Miller (Doc. 37), Jessica Rabinowitz (Doc. 36) and William Tayman (Doc. 39) are GRANTED.[9]

Further, the Court "reserve[d] to another day the actual appointment of a Special Master in this case."

Finally, the NAACP places great weight in the motion at issue here on one sentence of the Court's order that allows them to provide input to the parties, but, in context, the Court actually stated as follows:

Counsel for the Government was especially clear in the Justice Department's intention to do whatever was necessary to work with Catahoula to rectify present building and instructional concerns. In that regard, we note the NAACP's several comments to the effect that actual desegregation has been elusive in Catahoula Parish, despite the continued operation of desegregation orders for many years. Our review of the prior orders indicates that, until relatively recently, the racial demographics in the parish and the school diversity numbers have been fairly consistent. In order to have all appropriately available input before the Court to measure future progress, therefore, we allowed the NAACP to enroll as *amicus curiae* in a limited capacity but also so that it might be able to provide its input to the attorneys for The Government and School Board as this case progresses.[10]

Now, the NAACP has requested and been given "emergency" relief that give it sweeping authority to participate in discovery in this matter.  The Board, as explained below, respectfully requests that this Court reconsider its order and deny the NAACP's instant motion.

I.      **"Emergency" Request for Relief Improper to Non-Party in Limited *Amicus* Role**

The NAACP requested "Emergency" relief that not only requested that they be permitted to participated in site visits and receive reports from the Board, effectively requesting to participate in discovery, but also requested that this Court modify the Parties' (the United States and Board) Plan of

---

[9] Order, Rec. Doc. 47 at pp. 1-2. (emphasis supplied).

[10] *Id.* at p. 2.

Work to require that all Reports and documents be filed with the Court.[11]  As explained below, the Court should reconsider and deny the NAACP's, a non-party to this case, request.

### A.    *Amicus* Generally Prohibited from Filing Motions

"Usually, an amicus may not file pleadings or motions in a case[.]"[12] As some courts have explained,"an *amicus curiae* is not a party and has no control over the litigation and no right to institute any proceedings in it[;] nor can it file any pleadings or motions in the case."[13]  The NAACP, however, filed its own motion for relief without, at a minimum, requesting leave of court to file such motion.

The Board submits that it is improper for the NAACP, as an *amicus*, to file a motion, much less a motion seeking relief on its own behalf, including permission to participate in discovery and modifications of the Parties' Plan of Work.  As a non-party, the NAACP had no authority to file a motion without first obtaining leave of Court to do so. The Board respectfully submits that this general procedural bar to *amicus* motions is grounds for reconsideration and denial the NAACP's motion.

### B.    Non-Party Not Entitled to Request or Receive Relief

As noted above, the NAACP has been granted *amicus* status but with a limited role in this case. Again, it is well established that an *amicus* is not a party to a case and is, as a general rule, limited to briefing *legal* issues that will assist the court.[14]  Perhaps most importantly, the Fifth Circuit has long held that "amicus curiae ... cannot control the course of th[e] litigation to the extent of requesting individual

---

[11] NAACP Motion, Record Document 65 at p. 3.

[12] *U.S. v. Holy Land Found. for Relief and Dev.*, 3:04-CR-0240-P, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009), *rev'd in part on other grounds*, 624 F.3d 685 (5th Cir. 2010); *see also,  Parm v. Shumate*, CIV.A. 3-01-2624, 2006 WL 1228846, at *1 (W.D. La. May 1, 2006).

[13] *U.S. v. Bd. of County Commissioners of the County of Otero*, 184 F. Supp. 3d 1097, 1117 (D.N.M. 2015), *aff'd sub nom. U.S. v. Bd. of County Commissioners of County of Otero*, 843 F.3d 1208 (10th Cir. 2016); *see also*, *U.S. v. State of La.*, 718 F. Supp. 525, 528 (E.D. La. 1989) (three judge panel) (explaining that "an amicus ... lacks standing to prosecute independently any rehearing or appeal").

[14] *Pegasus Equine Guardian Ass'n v. U.S. Army*, 2:17-CV-0980, 2019 WL 362598, at *1 (W.D. La. Jan. 28, 2019) (citations omitted); *Club v. Fed. Emerg. Mgt. Agency*, CIV.A. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) ("An amicus who argues facts should rarely be welcomed;" quoting *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir.1970)).

relief not requested by anyone else."[15]  Stated another way, "an *amicus* cannot initiate, create, extend, or enlarge issues."[16]  Yet that is exactly what the NAACP has done here.

The NAACP has requested and received a sweeping modification of the Plan of Work, including that the Board file "all reports cited in the Plan of Work ... and all papers implementing the Plan be filed with the Court going forward."[17]  Additionally, the NAACP requested permission to participate in site visits, effectively requesting to participate in discovery.   It is entirely inappropriate for a non-party to request any relief for itself including a modification of the Parties' Plan of Work, which was approved by this Court.[18]  And, receiving and/or obtaining discovery is properly limited to the parties in a case.[19]

Notably, the entire purpose of a site visit is to conduct fact finding discovery.  Some courts have observed that it is not the proper role of an amicus to even "seek[] to comment on the existence of allegedly new discovered evidence[.]"[20]  Thus, little can be served by the NAACP's attempts to participate in discovery when it is improper for it to comment on factual issues as a non-party. Accordingly, because the NAACP is not a party, its motion should be denied on that basis alone.

### C.      NAACP's Limited Role

As noted above, the Court's prior Order limited the NAACP's participation to the issue of whether a special master should be appointed, with a note that it allows the NAACP to provide input

---

[15] *Bing v. Roadway Exp.*, Inc., 485 F.2d 441, 452 (5th Cir. 1973) (citing 1B Moore's Federal Practice ¶ 0.411[6], p. 1551); *see also*, *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1325 (11th Cir. 2013) ("we will not allow an amicus curiae who asserts an argument on behalf of absent class members in a class action to attempt to 'control the course of th[e] litigation to the extent of requesting individual relief not requested by anyone else.'" (quoting *Bing*, 485 F.2d at 452)).

[16] *Parm v. Shumate*, CIV.A. 3-01-2624, 2006 WL 1228846, at *1 (W.D. La. May 1, 2006).

[17] NAACP Motion, Record Document 65 at p. 3.

[18] *See* Order, Record Document 63; Plan of Work, Record Document 64.

[19] *See, e.g.*, *Pueblo of Santa Ana v. Nash*, 854 F. Supp. 2d 1128, 1135 (D.N.M. 2012) (explaining that *amici* "cannot conduct discovery"); Federal Rule of Civil Procedure 26(b)(1) (explaining that "*the parties*" may obtain discovery).

[20] *U.S. v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015).

*to* parties' counsel.[21]  Rather than adhere to this order, the NAACP utilized the instant motion to expand its role in this case beyond the authorized limitation.

The NAACP has offered no sufficient reason as to why, as a non-party *amicus*, it is entitled to any relief beyond the Court's stated limited role.  Rather than provide input *to* the parties, the NAACP is demanding input *from* the parties.  The NAACP cites no case law  to support this sweeping change.  Indeed, the NAACP makes clear in its "emergency" motion that it intends to "monitor progress" toward unitary status.[22]  Not only does nothing in the Court's prior Order support the NAACP's request for discovery, nothing in that Order contemplated that the NAACP, as *amicus*, would be allowed to "monitor" the Board.  That role is not proper for an *amicus* but rather is the role of the Plaintiff United States and the Court.  The United States has been monitoring the Board since the inception of this case and it certainly does not need any assistance from a non-party.

Finally, the NAACP incorrectly claims that "the Parties have since represented to the Court in their Joint Status Report that the NAACP intends to provide community feedback to include in the Parties' filings with the Court."[23]  This is a mis-characterization of what the Parties' actually stated.  The Second Joint Report stated as follows:

> "On July 23, 2019, representatives for amicus curiae NAACP advised the United States that they were in touch with community members about current and changing conditions in the Catahoula Parish public schools. The United States encouraged NAACP to provide community feedback of the events to the Parties."[24]

The Parties' clearly *did not* state that any feedback from the NAACP would be included in any report.  As noted above, the Board maintains that an *amicus* cannot submit evidence or argue factual issues, so

---

[21] Order, Rec. Doc. 47 at pp. 1-2. (emphasis supplied).

[22] NAACP Motion, Rec. Doc. 65 at p. 2.

[23] *Id.*

[24] Second Joint Report, Record Document 58 at p. 2.

it would be improper to include feedback received from an *amicus* in any reports.  Nevertheless, the NAACP is free to provide whatever feedback it desires (which, importantly, it has yet to do).

In any event, the NAACP's request makes clear that they intend to try to litigate matters in this case in some fashion and modify their limited role into a unitary status "monitor," which this Court should deny.  It even sought to edit and submit insertions to the Plan of Work which was properly developed and filed by the Parties. If the NAACP wanted to fully participate in this matter, the appropriate way to do so would be to attempt to intervene, but it has failed to do so - and the Board would submit that such request itself would be untimely and wholly unsupportable given the more than adequate representation of the public interest by the United States.

D.      No "Emergency" Basis for NAACP's Motion

With little explanation, the NAACP bases the entire premise of its motion on an vague and unsupport claim that it requires "emergency" relief.  The Board maintains that *any* relief for an *amicus* is improper.[25]  Nevertheless, there was no emergency - the so-called "emergency" related to the site visit was entirely the creation of the NAACP and no emergency existed as to the relief requested regarding the Plan of Work.

1.      Site Visit

Part of the NAACP's request was an alleged need to participate in discovery by being allowed to participate in site visits.  The NAACP claimed that they needed to have "representatives" present so that they can "remain involved" and to fulfil their self-proclaimed "role envisioned by the Court" (which is not supported by the Record, as explained above).  The NAACP claim that they needed emergency relief because the site visit was scheduled to take place three (3) days after its near-end of business filing on a Friday afternoon.  However, the NAACP failed to mention anywhere in its motion that they have

---

[25] *See, e.g.,* cases cited in footnote 13.

known there would be a site visit, at a minimum, since August 1, 2019.

Further, during the March 20, 2019 hearing, at which the NAACP counsel was present, the United States informed the Court that it intended to conduct a site visit sometime during the fall semester. In the Parties' Second Joint Report, filed on August 1st, the Parties reported that "the United States will conduct a site visit of Block High in September in order to provide further assessment to the Court."[26] Thus, the NAACP has known for at least one (1) month, if not nearly half a year, that the United States was intending to conduct a site visit of the Board's schools.

Yet, it was not until September 5, 2019, a mere four (4) days before the site visit, that the NAACP made an email request to have "representatives" participate in the site visit.[27] Due to the untimely nature of the request, and because the site visit was arranged for the United States and its expert, on September 6, 2019, the Board denied that request; however, undersigned counsel informed the NAACP that they could request and schedule *their own* site visit for a later date.[28] In response, the NAACP filed the subject "emergency" request. The NAACP's own delay in taking any steps until only a few days before the site visit is of its own making and in no way constitutes an emergency that would require emergency relief from this Court. Moreover, the Board has offered the NAACP its own site visit. As such, there was no emergency with respect to the site visit. The Board notes that because of the NAACP's timing, whether intentional or not, of the "emergency" motion, the Board was unable to file a response prior to the Order being entered and, thus, the Board complied with the Court's order, allowing two (2) representatives to participate in the site visit's first day. Nevertheless, the untimeliness and lack of support for the subject motion should not render a ruling on this matter moot as such

---

[26] Second Joint Report, Record Document 58 at p. 2.

[27] Email from Jessica Rabinowitz dated September 5, 2019 Exhibit A at p 2. The Board would note that the email was not received until nearly the end of the day and a response was provided as soon as practicable.

[28] Email from Robert Hammonds dated September 6, 2019, Exhibit A at p 1.

matters may arise again in the course of this case.

    **2.**        **Plan of Work**

Moreover, the NAACP has failed to explain, in any way, how the Parties' Plan of Work needed "emergency" modifications that drastically alters the scope of the Plan.  The NAACP does not identify any "emergency" upon which that request was predicated.

Not only does the NAACP demand that all reports the Board submits to the Plaintiff United States be filed in the record, they also requested and received relief that "all papers implementing the Plan" be filed in the record.  This request is ambiguous, non-specific, and the Board risks running afoul of such a vague requirement unless the Court reconsiders its Order granting "emergency" relief.  It is well established that a school board is "entitled to a rather precise statement of its obligations under a desegregation decree."[29]  The NAACP offered no explanation of the broad scope of its request for "all papers implementing the" Plan of Work to be filed *into the record* of this cause.  Adding such a requirement to the Plan of Work would be unduly burdensome and undersigned counsel is unaware of any desegregation case requiring that "all papers" implementing a desegregation plan be filed into the record of a case.

Accordingly, the Board respectfully requests that this Court reconsider its grant of the NAACP's emergency request and deny such relief.

**E.**        **No Input Provided to the Board**

As noted above, the NAACP, despite its proclaimed role to provide "input to" the parties, has offered no input whatsoever to the Board.  Rather, the NAACP has only made what amount to its own discovery requests.[30]  If the NAACP truly intended to provide "community feedback" or any input into

---

[29] *Board of Educ. of Oklahoma City Pub. Schs. v. Dowell*, 498 U.S. 237, 246, 111 S.Ct. 630, 112 L.Ed.2d 715 (1991); *see also*, *Moore v. Tangipahoa Par. Sch. Bd.*, 864 F.3d 401, 406 (5th Cir. 2017) (same).

[30] *See* Exhibit A.

this case, it could have and should have done so.  As mentioned, the NAACP filed to avail itself of the opportunity to visit the schools during Open House night.  The limited role this Court envisioned certainly did not include the sweeping requests made by the NAACP, which have effectively allowed it to step into the role of a party - or at least a quasi-party.

The NAACP was allowed to file a brief limited to whether the Court should filed a special master.  The NAACP was also allowed to provide non-specific"input to" the parties counsel about this case.  As with any community members, input is welcomed from the NAACP local members; however, no other persons are granted such a broad scope of document production and participation in the litigation as has now been ordered. The relief granted to the NAACP appears to allow its role to enlarged, expanded beyond that envisioned by the Court's *amicus* grant, and such relief is burdensome to the Board and is unnecessary given that the public interest is well-represented by the United States.

## II.    Conclusion

The Catahoula Parish School Board respectfully submits that this Court should reconsider its Order granting the NAACP "emergency" relief that entitled a non-party to discovery, a modification to the Plan of Work the Parties did not request, which includes a vague and ill-defined modification that requires the Board to file "all papers" implementing the Plan of Work into the record.  Not only was there no emergency basis for the NAACP's request, non-parties are generally prohibited from requesting relief that no party requested.  Further, absent reconsideration and denial of the NAACP's motion, the Board risks running afoul of the NAACP's modification for "all papers" in that the first Report to the United States (and to the Court under the NAACP's "emergency" modification) is tomorrow, September 10th.   Accordingly, the Board respectfully requests that the Court reconsider and deny the NAACP's motion.

Respectfully submitted, this the 9th day of September 2019.

-10-

**CATAHOULA PARISH SCHOOL BOARD**

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

 *s/ John R. Blanchard*
**ROBERT L. HAMMONDS**
Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Bar Roll No. 31703
**JOHN R. BLANCHARD**
Bar Roll No. 37036