UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* | * * * * | **CIVIL ACTION NO. 69-14430** |
| **VERSUS** | * * | **JUDGE ROBERT G. JAMES** |
| **CATAHOULA PARISH SCHOOL BOARD,** *et al.*, *Defendants* | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO EXPEDITE CONSIDERATION OF MOTION FOR RECONSIDERATION

Defendant Catahoula Parish School Board ("Board") respectfully moves the Court for expedited consideration of its Motion for Reconsideration of its recent order that granted the Louisiana State Conference NAACP (NAACP), an *amicus* in this matter, sweeping relief on the basis of a so-called "emergency" motion without the opportunity for the Board to respond.[1]  The Board respectfully submits that the Court should expedite its consideration of the Board's motion for the following reasons.

1.     Part of the sweeping relief requested by the NAACP's "emergency" motion[2] includes significant modifications of the Parties' Plan of Work, including a requirement that the Board file into the record of this case all reports submitted to the United States and also "all papers" implementing the Plan of Work.

2.     The NAACP offered no explanation and the Court's Order did not clarify what "all papers"implementing the Plan of Work entails.  This vague requirement runs contrary to Supreme Court

---

[1] *See* Amicus Louisiana State Conference NAACP's Emergency Request for Relief in Response to the Parties' Joint Proposed Plan of Work, Record Document 65; *see also*, Order, Record Document 66.

[2] The Board maintains, as detailed in its Motion, that it is improper for an *amicus* to request any relief, for itself or otherwise, independent of any request for relief made by a party.

precedent that a school board is "entitled to a rather precise statement of its obligations under a desegregation decree."[3]

3. The first report due to the United States (and filed with the Court under the NAACP's improper modification) is tomorrow, September 10, 2019.[4]

4. The Board was highly prejudiced by the NAACP's emergency motion, to which it had no opportunity to respond to prior to being granted, and it runs the risk of running afoul of this modification and potentially being held in contempt of court. The NAACP's "emergency" modification to the Plan of Work does not include a sufficient definition or explanation of what "all papers" entails.

5. This Motion is also supported by the memorandum which is filed contemporaneously herewith and incorporated as if set forth fully herein.

**WHEREFORE, PREMISES CONSIDERED**, the Catahoula Parish School Board respectfully requests that the Court reconsider its Motion for Reconsideration at its earliest convenience.

**Respectfully submitted**, this the 9th day of September 2019.

**CATAHOULA PARISH SCHOOL BOARD**

**HAMMONDS, SILLS, ADKINS & GUICE, LLP**
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

*s/ John R. Blanchard*
**ROBERT L. HAMMONDS**
Bar Roll No. 6484
**PAMELA WESCOVICH DILL**
Bar Roll No. 31703
**JOHN R. BLANCHARD**
Bar Roll No. 37036

---

[3] *Board of Educ. of Oklahoma City Pub. Schs. v. Dowell*, 498 U.S. 237, 246, 111 S.Ct. 630, 112 L.Ed.2d 715 (1991); *see also*, *Moore v. Tangipahoa Par. Sch. Bd.*, 864 F.3d 401, 406 (5th Cir. 2017) (same).

[4] *See* Plan of Work, Record Document 64 at p. 3.