# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* | * * * * | **CIVIL ACTION NO. 69-14430** |
| **VERSUS** | * * | **JUDGE ROBERT G. JAMES** |
| **CATAHOULA PARISH SCHOOL BOARD,** *et al.*, *Defendants* | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO EXPEDITE CONSIDERATION OF MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT:**

Defendant Catahoula Parish School Board (the "Board") respectfully seeks expedited consideration of its Motion for Reconsideration of this Court's order granting "emergency" relief to the Louisiana State Conference NAACP ("NAACP"), an *amicus* in this matter. As noted in the subject Motion, the NAACP is not a party to this case and, as such, is not entitled to initiate or expand issues in this case, or seek and obtain any relief in this matter which is not raised by the parties.[1] Further, the NAACP's "emergency" request includes sweeping modifications to the Parties' Plan of Work that includes an undefined and broad requirement that the Board file "all papers" related to implementing the Plan of Work into the record of this case.[2] The first report the Board was to submit to the United States (and now file into the Record under the NAACP's "emergency" motion) is tomorrow, September

---

[1] *Bing v. Roadway Exp.*, Inc., 485 F.2d 441, 452 (5th Cir. 1973) (citing 1B Moore's Federal Practice ¶ 0.411[6], p. 1551); *see also*, *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1325 (11th Cir. 2013) ("we will not allow an amicus curiae who asserts an argument on behalf of absent class members in a class action to attempt to 'control the course of th[e] litigation to the extent of requesting individual relief not requested by anyone else.'" (quoting *Bing*, 485 F.2d at 452)); *Parm v. Shumate*, CIV.A. 3-01-2624, 2006 WL 1228846, at *1 (W.D. La. May 1, 2006) ("an amicus cannot initiate, create, extend, or enlarge issues").

[2] *See* NAACP Motion, Record Document 65 at p. 2.

10, 2019. The Board has no way of knowing what "all papers" it would be required to file into the record and runs the risk of contempt of court absent reconsideration by this Court. The Board respectfully submits that expedited consideration is appropriate under these circumstances.

The Board, through undersigned counsel, submit that this Motion to Expedite and the Motion for Reconsideration are not submitted for the purposes of delay but are based on reasons in the interest of justice and to avoid undue prejudice.

Accordingly, the Catahoula Parish School Board respectfully requests that the Court consider its Motion for Reconsideration at its earliest convenience.

Respectfully submitted, this the 9th day of September 2019.

                        **CATAHOULA PARISH SCHOOL BOARD**

                        **HAMMONDS, SILLS, ADKINS & GUICE, LLP**
                        2431 S. Acadian Thruway, Suite 600
                        Baton Rouge, Louisiana 70808
                        Telephone: (225) 923-3462
                        Facsimile: (225) 923-0315

                        *s/ John R. Blanchard*
                        **ROBERT L. HAMMONDS**
                        Bar Roll No. 6484
                        **PAMELA WESCOVICH DILL**
                        Bar Roll No. 31703
                        **JOHN R. BLANCHARD**
                        Bar Roll No. 37036