No. 69-CV-14430
_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION
_____

UNITED STATES OF AMERICA

v.

SCHOOL BOARD OF CATAHOULA PARISH, ET AL.
_____

**RESPONSE OF AMICUS LOUISIANA STATE CONFERENCE NAACP TO DEFENDANT SCHOOL BOARD'S MOTION FOR RECONSIDERATION**
_____

*Amicus curiae*, the Louisiana State Conference NAACP ("NAACP"), hereby responds to the School Board of Catahoula Parish's ("School Board") Motion for Reconsideration (Dkt. No. 67) and accompanying Memorandum (Dkt. No. 67-1) (together, the "Motion"). In filing this Response, the NAACP seeks to clarify the record regarding various assertions of the School Board—particularly, those respecting the role of the NAACP as an *amicus* in this case. Although the School Board framed its Motion as seeking reconsideration of the NAACP's request for relief, it more broadly seeks to alter the Court's Order of April 2, 2019 (Dkt. No. 47), to limit the NAACP's role going forward and to restrict the information respecting progress towards unity status to which the Court, the NAACP and the public have access to.

In sum, this Response seeks: (i) to clarify the NAACP's role in this case; (ii) to reaffirm the request set forth in its Emergency Request for Relief (Dkt. No. 65) for copies of reports identified in the Joint Proposed Plan of Work to be filed with the Court; and (iii) to request that records cited in the parties' Joint Status Report dated September 13, 2019 (Dkt. No. 71) also be filed with the Court. The NAACP will be prepared to address these issues during the September 18, 2019 hearing, and presents them here in advance of the hearing.

1

**I.      Relevant Background**

In its April 2, 2019 Order (Dkt. No. 47), the Court allowed the NAACP to enroll as *amicus curiae* in a limited capacity "[i]n order to have all appropriately available input before the Court to measure future progress," "but also so that it might be able to provide input to the attorneys for the Government and School Board as this case progresses."  In an effort to fulfill this dual role, the NAACP has since conducted interviews of community members who have knowledge of developments being made at Block High School.  However, many community members had limited knowledge of the actual steps being taken, especially in light of the recent start of the school year and conclusion of summer vacation.  In an effort to supplement this lack of available information and to make itself and the public more fully informed, the NAACP attempted to obtain this information informally by making requests to the School Board and United States (*i.e.,* the parties in possession of the information).  Specifically, the NAACP requested the School Board to provide copies of a mold report and budget mentioned at the March 2019 hearing, copies of reports cited in the parties' Joint Plan of Work and permission to accompany the United States at the September 9-10, 2019 site visits of the Parish schools.

The School Board was not forthcoming in providing the requested information and denied the NAACP's request to attend the site visits.  In light of the approaching date of the site visits, the NAACP filed the emergency request.  After the Court promptly granted the emergency request in full (Dkt. No. 69), the School Board filed their Motion for Reconsideration to which the NAACP responds herein.  The Court entered an Order (Dkt. No. 66) denying the Motion insofar as the NAACP's participation in the site visits,[1] and granting it in part pending a contradictory hearing on September 18, 2019.

---

[1] The short time frame between the parties' filing of the Joint Plan and the scheduled site visits necessitated the NAACP filing the request on an emergency basis.  Even so, and after being

## II.     The NAACP's Emergency Request Is Limited in Scope and Appropriate in Light of Its Role Approved by the Court.

The School Board has characterized the NAACP as seeking "sweeping relief," "being allowed to participate in discovery," "attempt[ing] to intervene" as a party, and seeking "modification to the Plan of Work." Dkt. No. 67-1.  To the contrary, neither in the Emergency Request (Dkt. No. 65), nor in general, has the NAACP sought status as a party, formal discovery or modification of the parties' Plan of Work.  Instead, the NAACP simply seeks access to pertinent information so that it can become informed and fulfill the two roles envisioned by the Court's April 2, 2019 Order.

The NAACP initially attempted to obtain this information informally by making requests to the School Board.  *See*  Ex. A. to the Motion for Reconsideration (Dkt. No. 67-2).  However, the School Board either ignored or outright denied those requests.  In light of the approaching date of the site visits, and the School Board's refusal to allow the NAACP to attend, the NAACP filed its request on an emergency basis.

More generally, the NAACP also seeks confirmation of the roles it understands the Court, in issuing its April 2, 2019 Order (Dkt. No. 47), envisions the NAACP is to fulfill going forward.  The NAACP's understanding is that those roles are to assist the Court with appropriately available input to measure future progress and to provide counsel for the parties with input from the community on progress made and not made.  In order to fulfill these roles, the NAACP must see the reports providing details and data on actions taken to implement the

---

granted the emergency relief to accompany the site visit, the NAACP representative was not timely provided all details of the visits in order to coordinate its attendance at the first day of the visits and in the morning of the second day of the visits.

Joint Plan and other records cited by the parties' in their filings that support their claims of progress made.[2]

The NAACP also feels compelled to address the assertion made by the School Board that the NAACP has not to date offered any input from the community. The NAACP acknowledges that to the extent this is so, it is due to the fact that the NAACP has not been provided with access to necessary information to become informed and obtain community input and that the school year began only recently.

In sum, the NAACP's request is modest in scope, asking that reports relating to case progress and status be filed with the Court where it will be available to the public, including *amicus*.

### III.   Acting as Amicus Curiae, the NAACP is Not Precluded from Asking for Affirmative Relief.

This Court's April 2019 order not only granted the NAACP status as an *amicus curiae* in this case, but also envisioned that role as more than just an ordinary *amicus*. Although typically an *amicus* merely tenders a brief advising the court on the applicable facts and law, in these proceedings, the NAACP's role exceeds that scope. Specifically, and as both parties have previously quoted, the Court enrolled the NAACP to have all appropriately available input before the Court, as well as to provide "input to the attorneys for The Government and School Board as this case progresses." Dk. No. 47 at 2.

---

[2] The specific reports cited in the Joint Plan of Work include: (1) the September 10, 2019 report on administrator, teacher and staff assignments and demographics; (2) the October 15, 2019 report on extracurricular activities; and (3) the March 15, 2020 updated report regarding faculty and staff assignment, and student enrollment in each of the District's five schools. In addition, the NAACP's request asks that copies of reports identified in or cited to in future status reports or Plan of Work updates of the parties be filed with the Court.

Under comparable circumstances, courts have authorized non-party *amici* acting under the authority and direction of the court to take action transcending the traditional scope of an *amicus*. *See Faubus v. United States*, 254 F.2d 797, 805 (8th Cir. 1958). Those courts have acknowledged that the mere fact that the party is labeled an *amicus* does not preclude it from seeking relief from the Court to fulfill the role it has been tasked with. *See Bush v. Orleans Par. Sch. Bd.*, 191 F. Supp. 871, 877 (E.D. La.) (1961.), *aff'd sub nom. Denny v. Bush*, 367 U.S. 908, 81 S. Ct. 1917, 6 L. Ed. 2d 1249 (1961), *aff'd sub nom. Legislature of Louisiana v. United States*, 367 U.S. 908, 81 S. Ct. 1925, 6 L. Ed. 2d 1250 (1961), *aff'd sub nom. Tugwell v. Bush*, 367 U.S. 907, 81 S. Ct. 1926, 6 L. Ed. 2d 1250 (1961). Here, the Court provided that the NAACP was to act in a non-traditional *amicus* role of providing ongoing input to the Court and the parties regarding feedback from the community on progress or non-progress towards unitary status. In order to provide such input, however, the NAACP requires information on the steps being taken by the School Board.

**IV.     Renewed Request that Records Cited in the Plan of Work and Additional Request for Records Cited in the Recent Joint Report of September 13, 2019.**

As set forth in its emergency request, the NAACP reaffirms its request for records cited in, and necessarily made part of, the Plan of Work, and asks that those records be made publicly available by filing them in timely fashion with the Court. In making this request, the NAACP submits that doing so will enable the NAACP, the Court and the public to be informed about the parties' progress, or lack thereof, in implementation of the Plan of Work and further facilitate the NAACP in providing useful input on same to the Court and the parties.

In conjunction with this request, the NAACP further asks that the Court order the parties to also make public any documents outlining the budgetary details set forth in the recent Joint Status Report (Dkt. No. 71). As detailed in that report, the School Board spent $149,514 on

5

maintenance and repairs/renovations at Block High during the 2018 to 2019 school year. In addition, "[s]ince July 1, 2019, the District spent $61,461 on maintenance and repairs/renovations at Block High." In light of the over $200,000 in expenditures spent on improvements, the NAACP believes that any such documents are directly relevant to the details of the Plan of Work and are essential to the public knowledge if the Court is to have feedback.

## V.    Conclusion

As the NAACP has communicated to the Court and the parties, it is encouraged by the parties' plan and efforts to date. In making its request and filing this Response, *amicus* seeks information to enable it to be become informed as necessary to fulfill the roles tasked by this Court and to facilitate community members in providing feedback on matters appropriately at issue in moving the Catahoula Parish Schools towards unitary status, and nothing more.

Respectfully submitted,

LOUISIANA STATE CONFERENCE NAACP

By its Attorneys,

 /s/ *Louis G. Scott*  
LOUIS G. SCOTT  
LAW OFFICE OF LOUIS G. SCOTT  
510 Pine St.  
Monroe, LA 71201  
(318) 323-6107  
grand97scott@aol.com  

/s*/ Jessica D. Rabinowitz*  
W. KYLE TAYMAN  
JESSICA D. RABINOWITZ  
VIONA J. MILLER  
GOODWIN PROCTER LLP  
901 New York Avenue  
Washington, D.C. 20001  
(202) 346-4000  
ktayman@goodwinlaw.com  
jrabinowitz@goodwinlaw.com  
vmiller@goodwinlaw.com  

*Counsel for Amicus Curiae*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2019, I electronically filed the foregoing document with the United States District Court Western District of Louisiana Alexandria Division by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Katherine W. Vincent
U.S. Attorneys Office
800 Lafayette St. Ste 2200
Lafayette, LA 70501
Katherine.vincent@usdoj.gov

Colleen Phillips
Franz Marshall
U.S. Department of Justice
Civil Rights Division
601 D St. NW
Washington, DC 20580
Colleen.Phillips@usdoj.gov
Franz.r.marshall@usdoj.gov

Robert L. Hammonds
John Richard Blanchard
Pamela Wescovich Dill
Hammonds Sills et al
2431 S. Acadian Thwy Ste 600
Baton Rouge, LA 70808
rhammonds@hamsil.com
jblanchard@hamsil.com
pdill@hamsil.com

*/s/ Jessica D. Rabinowitz*