U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - MONROE

OCT 2 3 2019

TONY R. MOORE, CLERK
BY _____
        DEPUTY

**UNITED STATES DISTRIC COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 69-14430 (LEAD)** |
| | **CIVIL ACTION NO. 19-01094 (MEMBER)** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CATAHOULA PARISH SCHOOL** | |
| **BOARD, ET AL** | |

### REPLY TO CATAHOULA PARISH SCHOOL BOARD'S (76) RESPONSE

Catahoula Parish School Board (CPSB) claims desegregation and that Block High School (BHS) is adequate to accommodate E.S.'s medical condition.  This is contradicting.

The facts presented are clearly a medical school transfer.  Desegregation and school choice are not an issue to warrant.  In fact, safety, security, well being and the best interest of E.S.'s life are of utmost importance.  This is not a game.  It only takes one time to be wrong. Our daughter does not get a second chance.

E.S. attended her school zone from Pre-Kindergarten through one (1) week of fourth (4th) grade.  I withdrew her because the school zone did not accommodate her medical condition. Catahoula Parish School Board (CPSB) **NEVER** attempted or made any effort to address E.S.'s medical condition with anaphylaxis, allergies (food/airborne), and asthma.  Desegregation and school choice was not an issue for the (3) years of E.S.'s medical transfer.  All of the facts show this case is medical, and Block High School failed to address this issue.

The documents I submitted from E.S.'s allergist/asthma specialist and pediatrician comply with the federal court order. In fact, only one written support by a licensed medical doctor is required.  I submitted two (2).  One from Dr. Jennifer Russ, M.D. and another from  Dr. Brent Prather, M.D. Dr. Prather called and spoke with  Mr. Ronnie Lofton, the superintendent of

CPSB on July 16, 2019.  Dr. Prather, E.S.'s pediatric allergist/asthma doctor, discussed the severity, safety, and concern that E.S. should continue this medical transfer.

The burden of proof is proven; E.S. has medical written consent and phone calls from her doctors and an Individual Health Plan (IHP) since she started Pre-Kindergarten in 2010.  All students who need medicine at school are required to submit these forms. This does not mean school is adequate accommodating a  child's medical condition. I have advocated, initiated, and provided all the information at meetings, every school year, about E.S.'s allergies (food/airborne), asthma, and anaphylaxis. I have used resources from organizations such as Food Allergy Research Education (F.A.R.E.) and/or Kids with Food Allergies (KFA) and provided epi-pen trainers to Catahoula Parish Schools.  E.S.'s life, welfare, safety, and security are first. Catahoula Parish School Board **NEVER** provided, assisted, nor implemented any of such.  As a matter of fact, I had a hard time the first few years getting forms to fill out each year; and, I made copies for doctors to fill out each new school year. Catahoula Parish School Board (CPSB) **NEVER** mailed or followed up providing the forms.

Desegregation is not an issue.  CPSB has never had a child in the parish with this severe medical condition.  CPSB did not provide a safe environment for our daughter; therefore, I removed E.S. from the school zone in 2015 and she was home schooled.  A medical transfer was approved each year from 2016-2019 for E.S. to attend Harrisonburg High School (HHS). Mr. Lofton as the new superintendent for CPSB never inquired expertise from the school nurse or any medical doctor on E.S.'s medical school transfer before or after denying it.  In fact, Mr. Lofton stated three (3) times he never reached out to consult a medical professional about our daughter's medical condition.  Mr. Lofton totally ignored and never acknowledged the two (2) doctors' medical advice about E.S.'s severe medical condition to allergies (food/airborne).

It is mandatory for parents to be notified about meetings or needs of their child.  I have always had to initiate all meetings, demonstrated how to use epi-pen trainers, given hand-outs,

and information about E.S.'s medical condition. I have discussed reactions and what to look for and how severe her reactions may be from touch, breath, and ingestion of foods she is allergic to. **NEVER** has CPSB provided or helped in this effort.  Repeatedly, the school nurse at meetings stated E.S. is the most severe child in the parish with this medial condition.

**NEVER** has CPSB or Block High School (BHS) contacted me to assure BHS was adequate or could accommodate E.S. **NO ONE** communicated with a  phone call or letter over the summer, on open house at BHS, or the first day of school about E.S.'s safety, security, and environment at BHS.  Mr. Lofton claims BHS is adequate, but in fact he had no knowledge of E.S.'s medical condition. Block High School (BHS) has not accommodated E.S.'s medical needs.   The Administration and District nurse may have held training and discussed E.S.'s medical needs, but I was **NEVER** contacted by Catahoula Parish School Board (CPSB) nor Block High School (BHS) by any means.  CPSB and BHS did nothing.

CPSB claims a letter was sent home to students and was posted on Face Book.  This letter Mr. Lofton sent out was obtained  from me when I presented it at the meeting on July 16, 2019. I asked Harrisonburg High School (HHS) in 2016 if they would send a letter to the students.  A letter sent home to students and posted on social media does not warrant that BHS is adequate and  suitable when a child's life is a stake.   Parents, faculty, staff, cafeteria, students, administration at the school board, etc. are all responsible to ensure a safe environment at school for students who have a  life threatening medical condition.  Mr. Lofton only changed HHS to BHS on the letter that I advocated to have done.

Personal verification of the ambulance by Mr. Lofton one (1) mile from BHS is insufficient when an ambulance is within a few feet from HHS.  In an anaphylactic emergency, you have only seconds to administer the epi-pen.  E.S. has had an anaphylactic reaction. If she should have another reaction, the time to administer the epi-pen must be immediately.

CPSB submitted a list of two (2) dozen students attending BHS.  CPSB states these students have equal medical needs to E.S. This is bogus.  In fact, E.S. is the only student listed with anaphylaxis/epi-pen.   Again, CPSB falsely states BHS is adequate for E.S.'s medical condition.

The letters and documents I have submitted from E.S.'s doctors with Affidavits are true and fact.  Therefore, desegregation and school choice are bogus claims. When in fact, BHS has not accommodated E.S.'s medical condition and clearly no similar services are offered.

Without any effort or communication from CPSB to understand and consider E.S.'s life is at risk and wanting to place her back in the same school zone that E.S. has already been withdrawn from, online charter school was in her best interest.  CPSB is   inadequate in helping or considering any of the papers I submitted which comply with the federal court order. CPSB fails to understand the severity of E.S.'s medical condition, even after two (2) doctors' expertise, multiple meetings and phone calls that I initiated and information and tools I presented about allergies (food/airborne), anaphylaxis, and asthma.  The bridge has been burned not once, but twice by CPSB.

Finally, I request that this Honorable Court Order Catahoula Parish School Board (CPSB) to monetarily provide private school funding for grades ninth (9th) through E.S.'s high school graduation.  My husband and I have researched, investigated, and toured a private school nearby that can accommodate and has had policies in place for years and adequately accommodates students with the exact medical condition E.S. has.  It only takes one time to be wrong.

Respectfully submitted, this 23rd day of October 2019.

JILL LOSSIN SMITH