UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff | * <br> * <br> * | **CIVIL ACTION NO. 69-14430** |
| **VERSUS** | * <br> * | **JUDGE TERRY DOUGHTY** |
| **CATAHOULA PARISH SCHOOL BOARD,** et al., <br> Defendants | * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Pending before the Court is a letter motion filed by Jill Lossin Smith ("Smith"), *pro se*. Smith's daughter, E.S., was formerly a student in the Catahoula Parish School District. Smith resides in the zone for Block High School, but sought a transfer to Harrisonburg High School for her daughter based on her daughter's medical condition of severe allergies and asthma. The School Board denied the transfer request.

Smith filed suit in state court where she was represented by counsel. However, the case was removed to this Court by the School Board because medical transfers (and other transfers) are governed by the standing desegregation orders in this case. In this Court, Smith purports to represent herself, her daughter, and her husband. Her attorney has never made an appearance here.

The School Board has responded that Smith lacks standing, that her arguments lack merit, and that E.S. is no longer a student in the District.

First, the Court would note that, to the extent that Smith attempts to represent her husband or minor daughter, she cannot do so. A litigant may represent herself, *pro se*, but she may not

represent others. Only a licensed attorney may represent others in Court. Nevertheless, to the extent that Smith's own interests are involved, the Court has proceeded to analyze her motion.

Second, to the extent that Smith seeks to intervene in this case to protect the interests of her daughter, the case law is clear that she would have no right to do so under Federal Rule of Civil Procedure 24(a)(2), nor does the Court find that permissive intervention under Rule 24(b) to be appropriate which Smith solely seeks to advocate on behalf of her daughter. *See generally Graham v. Evangeline Par. Sch. Bd.*, 132 Fed. Appx. 507, 511-14 (5th Cir. 2005).

Third, according to Smith's letter, as the School Board points out (and Smith does not contest in her reply), E.S. is no longer a student in the District. In fact, Smith requests that the School Board be required to pay for private school for the current school year through E.S.'s high school graduation. Therefore, Smith's appeal to this Court is now moot.

Fourth, contrary to Smith's belief, the desegregation order is applicable. Because the District has not been found to be unitary, it remains under an obligation to desegregate. Part of that process is compliance with the desegregation order, which includes consideration for medical transfers. While Smith's concern is her daughter's medical condition, not race, every transfer has the potential to affect the racial composition of the schools and thus hinder the achievement of unitary status.

Finally, to the extent that Smith had any right to appeal, the Court finds that the School Board complied with the provisions of the desegregation order. Smith had the opportunity to present her evidence to the School Board, it reviewed the evidence, and it found that her daughter's needs could be met at the school where she was zoned to attend. While Smith

disagrees with that decision, she has not been denied due process or equal protection under the United States Constitution by the School Board's compliance with this Court's order.

The Court is sympathetic to Smith's concerns about her daughter's health, but finds no basis for the reasons stated to grant her relief. Accordingly,

IT IS ORDERED that her motion is DENIED.

MONROE, LOUISIANA, this 20th day of December, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE