IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CATAHOULA PARISH SCHOOL BOARD, *et al.* ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 69-14430 <br><br> **Judge Terry Doughty** |

### JOINT MOTION FOR DECLARATION OF UNITARY STATUS

The United States of America ("United States") and the Catahoula Parish School Board (the "District") (collectively, the "Parties") respectfully file this Joint Motion for Declaration of Unitary Status which requests the Court to declare the District fully unitary, dissolve all injunctions issued against the District in this desegregation case, and dismiss the case against the District with prejudice. As grounds for this motion, the Parties state the following:

1.  To obtain a declaration of unitary status, the District must show that it has: (1) fully and satisfactorily complied with the Court's decrees for a reasonable period of time; (2) eliminated the vestiges of prior *de jure* discrimination to the extent practicable; and (3) demonstrated a good-faith commitment to the whole of the Court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in the first instance. *See Missouri v. Jenkins*, 515 U.S. 70, 87-89 (1995); *Freeman v. Pitts*, 503 U.S. 467, 491-92, 498 (1992); *Bd. of Educ. of Oklahoma City Pub. Sch. v. Dowell*, 498 U.S. 237, 248-50 (1991).

2.  The Supreme Court has identified six areas, commonly known as the "*Green* factors," which must be addressed as part of the determination of whether a school district has

fulfilled its duties and eliminated vestiges of the prior dual system to the extent practicable: (1) student assignment; (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities.  *Green v. Sch. Bd. of New Kent Cty.*, 391 U.S. 430, 435 (1968); *Anderson v. Sch. Bd.*, 517 F.3d 292, 298 (11th Cir. 2008) ("To guide courts in determining whether the vestiges of *de jure* segregation have been eliminated as far as practicable, the Supreme Court has identified several aspects of school operations that must be considered, commonly referred to as the *Green* factors: student assignment, faculty, staff, transportation, extracurricular activities, and facilities.").  The Supreme Court also has approved consideration of other indicia, such as "quality of education," as important factors for determining whether the District has fulfilled its desegregation obligations.  *Freeman*, 503 U.S. at 492-93.

3. The proper measure of a district's progress toward unitary status "is the effectiveness, not the purpose," of its actions.  *Brinkman*, 443 U.S. at 537-38; *see also Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 25 (1971).  To that end, a district must demonstrate its "affirmative commitment to comply in good faith with the entirety of a desegregation plan," not simply that it "had [not] acted in bad faith or engaged in further acts of discrimination since the desegregation plan went into effect." *Freeman*, 503 U.S. at 499.

4. Based on the United States' review of the District's compliance and for the reasons given in the attached Agreed Order of Dismissal, the Parties agree that the District has satisfied the related requirements in the permanent injunction in the 1976 Order by eliminating the vestiges of the prior *de jure* segregation to the extent practicable and achieved unitary status.

5. Specifically, as illustrated in the accompanying Proposed Order of Dismissal, the District has not taken action which tends to segregate students, faculty or staff on the basis of race or color; has performed school construction, consolidation, and site selection in a manner that will prevent the recurrence of a dual school structure; and has permitted transfers on a non-

discriminatory basis and in a manner that does not cumulatively reduce desegregation in the affected district.

The District therefore moves for full unitary status and dismissal of this case with prejudice, and the United States joins that Motion, respectfully requesting that the Court grant this motion and declare the District fully unitary, dissolve all injunctions against the District entered in this case, terminate the Court's supervision over the District, and dismiss this case as to the District with prejudice.

                                            Respectfully submitted,

| For Plaintiffs: | |
|---|---|
| ALEXANDER C. VAN HOOK<br>Acting United States Attorney<br>Western District of Louisiana | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Jerry Edwards*<br>JERRY EDWARDS (#30242)<br>Assistant United States Attorney<br>300 Fannin Street, Suite 3201<br>Shreveport, LA 71101<br>(318) 676-3614<br>Jerry.Edwards@usdoj.gov | SHAHEENA SIMONS, Chief<br>FRANZ R. MARSHALL, Deputy Chief<br>Educational Opportunities Section<br><br>*/s/Colleen Phillips*<br>COLLEEN PHILLIPS, Trial Attorney<br>U.S. Department of Justice<br>Educational Opportunities Section<br>Civil Rights Division<br>150 M Street, NE / 10-218<br>Washington, D.C. 20530<br>(202) 307-6548<br>Colleen.Phillips@usdoj.gov |

**For Defendant:**
HAMMONDS, SILLS, ADKINS &
   GUICE, LLP
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

*/s/ Robert L. Hammonds*
ROBERT L. HAMMONDS
Bar Roll No. 6484

PAMELA WESCOVICH DILL
Bar Roll No. 31703
JOHN R. BLANCHARD
Bar Roll No. 37036