**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 69-14430** |
| | ) | |
| | ) | **Judge Terry Doughty** |
| CATAHOULA PARISH SCHOOL BOARD, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AGREED ORDER OF DISMISSAL

The United States of America ("United States") has reviewed the compliance of the

Catahoula Parish School Board (the "District") (collectively, the "Parties") with a 1969 court

order that permanently enjoined the District from operating a dual system of schools segregated

on the basis of race.  Based on a review of the information provided by the District and other

data, the United States advised the District that in its view the District has fulfilled its affirmative

desegregation obligations under applicable federal law.  As indicated by the signatures below,

the parties ask the Court to approve this Agreed Order of Dismissal, declaring that the District

has achieved unitary status in the final areas of student assignment, faculty and staff assignment,

facilities, and quality of education, and dismissing this case.

### I.   PROCEDURAL BACKGROUND

The United States initiated this lawsuit against the Board on February 10, 1969, seeking

to enjoin the Board from operating a dual school system based on race. On July 29, 1969, this

Court ordered the Board to effectuate a specific desegregation plan designed to disestablish the

dual school system that existed in the Catahoula Parish School District, and permanently

enjoined the Board from discriminating on the basis of race or color in the operation of the

school system.  The desegregation plan identified specific actions, and time frames for said actions, to be taken regarding student assignment and transfers, faculty and staff employment and integration, school construction, and services, facilities, programs, and activities.  On August 1, 1969, this Court amended the July 29, 1969, regarding the assignment of students in the Jonesville and Sicily Island areas.

On August 7, 1980, this Court entered a judgment allowing the District to reassign grade 5 from Jonesville Elementary School to Jonesville Junior High, and grade 8 from Jonesville Junior High to Block High School.  August 23, 1993, this Court issued an order authorizing the District to implement a Student Enrollment and Transfer Policy.

On May 23, 1994, Save Our Schools filed a Motion to Intervene and sought a Temporary Restraining Order in opposition of the District's Motion for Authorization to Consolidate Schools and Change Attendance Zones.  On July 7, 1994, this Court dismissed the Motion to Intervene as untimely and made in bad faith, and authorized the District to close Enterprise High School and transfer grades K-8 to Harrisonburg Elementary and grades 9-12 to Harrisonburg High, and to transfer students in grades 6-8 at Manifest Elementary to Jonesville Junior High. On August 8, 1995, this Court authorized the District to close Manifest Elementary and assign its students to Jonesville Elementary and Jonesville Junior High.  On March 13, 2012, this Court authorized the District to consolidate the schools in the Harrisonburg and Sicily Island Attendance Zones.

On January 24, 2019, the Court ordered both parties to respond to an online news report regarding Block High School and to show cause why a special master should not be assigned to the case.  On March 15, 2019, the Louisiana State Chapter of the NAACP filed a Motion for Leave to File and Amicus Brief.  On April 2, 2019, this Court granted the NAACP's motion,

"limited to its input on the issue of the court's potential appointment of a special master.  The Court declined to assign a special master at that time.

On May 24, 2019, the Court authorized the District to close Jonesville Junior High and reassign grade 5 and grades 6-7 to Jonesville Elementary and Block High, respectively.  On July 8, 2019, this Court granted the Parties' Joint Motion for Partial Unitary Status in the area of transportation.  On September 3, 2019, this Court signed the Plan of Work jointly filed by the Parties.  The Plan of Work required the District to provide the United States with documents regarding student and faculty assignment and extracurricular activities.  In addition to reviewing the documents produced, the United States requested and reviewed additional information regarding teacher recruitment and hiring, and visited every school in the District with an expert in facilities.  The United States advised the NAACP of its assessment and findings as to each of these reviews.

## II.    LEGAL STANDARD

The goal of a school desegregation case is to eliminate the vestiges of past *de jure* segregation from all aspects of school operations to the extent practicable and, thereby, achieve full unitary status.  *Freeman v. Pitts*, 503 U.S. 467, 491-92, 489 (1992).  To obtain a declaration of unitary status, the District must show that its schools have: (1) fully and satisfactorily complied with the Court's decrees for a reasonable period of time; (2) eliminated the vestiges of prior *de jure* discrimination to the extent practicable; and (3) demonstrated a good-faith commitment to the whole of the Court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in the first instance.  *See Missouri v. Jenkins*, 515 U.S. 70, 87-89 (1995); *Bd. of Educ. of Oklahoma City Pub. Sch. v. Dowell*, 498 U.S. 237, 248-50 (1991).

The Supreme Court has identified six areas, commonly known as the "*Green* factors," which must be addressed as part of the determination of whether a school district has fulfilled its duties and eliminated vestiges of the prior dual system to the extent practicable: (1) student assignment; (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities. *Green v. Sch. Bd. of New Kent Cty.*, 391 U.S. 430, 435 (1968); *Anderson v. Sch. Bd.*, 517 F.3d 292, 298 (11th Cir. 2008) ("To guide courts in determining whether the vestiges of *de jure* segregation have been eliminated as far as practicable, the Supreme Court has identified several aspects of school operations that must be considered, commonly referred to as the *Green* factors: student assignment, faculty, staff, transportation, extracurricular activities, and facilities."). The Supreme Court also has approved consideration of other indicia, such as "quality of education," as important factors for determining whether the District has fulfilled its desegregation obligations. *Freeman*, 503 U.S. at 492-93.

The proper measure of a district's progress toward unitary status "is the effectiveness, not the purpose," of its actions. *Brinkman*, 443 U.S. at 537-38; *see also Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 25 (1971). To that end, a district must demonstrate its "affirmative commitment to comply in good faith with the entirety of a desegregation plan," not simply that it "had [not] acted in bad faith or engaged in further acts of discrimination since the desegregation plan went into effect." *Freeman*, 503 U.S. at 499.

### III. STIPULATED FACTS

#### A. Student Assignment

During the 1968-69 school year, the District operated ten schools, including two *de jure* black schools: Jonesville Consolidated High School and Martin High School. The District's desegregation plan maintained all ten schools, but required the schools to desegregate. The 1970 amended desegregation plan renamed the two *de jure* black schools as Jonesville Junior High

and Martin Junior High, respectively.  During the 1970-71 school year, the District enrolled

3,481 students (65% white and 35% black) in schools:

| School | Grade | Black | White | Total |
|--------|-------|-------|-------|-------|
| Sicily Island Elementary | 1 – 5 | 149 (65%) | 82 (35%) | 231 |
| Martin Junior High | 5 – 8 | 150 (57%) | 111 (43%) | 261 |
| Sicily Island High | 9 – 12 | 134 (59%) | 95 (41%) | 229 |
| Jonesville Elementary | 1 – 5 | 328 (38%) | 529 (62%) | 857 |
| Jonesville Junior High | 6 – 8 | 213 (40%) | 313 (60%) | 526 |
| Block High | 9 – 12 | 162 (33%) | 335 (67%) | 497 |
| Manifest Elementary | 1 – 8 | 11 (10%) | 103 (90%) | 114 |
| Harrisonburg High | 1 – 12 | 75 (17%) | 354 (83%) | 429 |
| Enterprise High | 1 – 12 | 0 | 177 (100%) | 177 |
| Central High | 1 – 12 | 0 | 160 (100%) | 160 |
| **Total** | | **1,222 (35%)** | **2259 (65%)** | **3,481** |

1970 Civil Rights Data Collection

For the 2019-20 school year, the District enrolled 1,117 students in grades K-12 in five

schools.  The District's overall enrollment is 59% white, 39% black, and 2% other. The

following chart summarizes the enrollment at each school in the District during the 2019-20

school year:

| School | Grade | Black | White | Total |
|--------|-------|-------|-------|-------|
| Sicily Island High | K – 12 | 118 (50%) | 109 (46%) | 222 |
| Jonesville Elementary | K – 5 | 162 (53%) | 140 (46%) | 286 |
| Block High | 7 – 12 | 144 (56%) | 107 (42%) | 257 |
| Harrisonburg High | K – 12 | 41 (15%) | 231 (82%) | 282 |
| Central High | K – 12 | 6 (9%) | 64 (91%) | 70 |
| **Total** | | **449 (39%)** | **673 (59%)** | **1,117** |

District 2019-20 Status Report to Court

The District has experienced a substantial declining enrollment since the inception of this

case.  As a result, the District has closed two school facilities, reassigning the students enrolled at

Manifest Elementary and Enterprise High School to Harrisonburg Elementary Schools,

5

Jonesville Junior High and Harrisonburg High in a manner that strived to maintain and increase desegregated student enrollment.  Harrisonburg High's current enrollment demographics remain similar to the demographics in 1970, primarily due to the school serving students who live in the rural, agricultural northwest region of the Parish.  The next closest schools, Block High and Sicily Island High, are 10 miles to the south and 12 miles to the east, respectively.  The District also consolidated three schools in the Harrisonburg, Sicily Island, and Jonesville areas in a manner that did not interfere with its desegregation obligations.  Central High School, which enrolled no black students in 1970-71, currently enrolls a student body of which only 9% are black students.  Central is located in a remote southwestern part of the Parish, a 45 minute to one-hour drive from the next closest school.  Students who attend Central High School live within a few miles of the school.

The District continues to implement changes to ensure that it grants and denies student transfers in compliance with the District's transfer policy and this Court's order without discriminating on the basis of race.  These transfers do not have a negative effect on desegregation in the District's schools.

## B. Faculty and Staff Assignment

In 1970-71, the District employed a total of 168 full-time teachers, of which 30% were black and 70% were white.  At the time, 64 white teachers worked in racially-identifiable black schools, and 16 black teachers worked in racially-identifiable white schools.

| School | Grade | Black | White | Total |
|--------|-------|-------|-------|-------|
| Sicily Island Elementary | 1 – 5 | 3 (27%) | 8 (73%) | 11 |
| Martin Junior High | 5 – 8 | 3 (25%) | 9 (75%) | 12 |
| Sicily Island High | 9 – 12 | 5 (36%) | 9 (64%) | 14 |
| Jonesville Elementary | 1 – 5 | 8 (29%) | 20 (71%) | 28 |
| Jonesville Junior High | 6 – 8 | 6 (29%) | 15 (71%) | 21 |
| Block High | 9 – 12 | 8 (29%) | 20 (71%) | 28 |

| | | | | |
|---|---|---|---|---|
| Manifest Elementary | 1 – 8 | 2 (33%) | 4 (77%) | 6 |
| Harrisonburg High | 1 – 12 | 8 (35%) | 15 (65%) | 23 |
| Enterprise High | 1 – 12 | 4 (31%) | 9 (69%) | 13 |
| Central High | 1 – 12 | 4 (35%) | 8 (65%) | 12 |
| **Total** | | **51 (30%)** | **117 (70%)** | **168** |

1970 Civil Rights Data Collection

In 2019-20, the District employed a total of 200 certified and non-certified school-level administrators, teachers, and staff, of which 71 (36%) are black and 129 (64%) are white.  The District employees 82 teachers, 29% of whom are black.  The following charts illustrates the number of teachers at each individual school:

| School | Grade | Black | White | Total |
|---|---|---|---|---|
| Sicily Island High | K – 12 | 6 (35%) | 13 (65%) | 17 |
| Jonesville Elementary | 1 – 5 | 6 (35%) | 11 (65%) | 17 |
| Block High | 6 – 12 | 11 (52%) | 10 (48%) | 21 |
| Harrisonburg High | K – 12 | 1 (5%) | 18 (95%) | 19 |
| Central High | K – 12 | 0 | 8 (100%) | 8 |
| **Total** | | **24 (29%)** | **60 (71%)** | **82** |

District 2019-20 Status Report to Court

Faculty at three of the five schools reflect the overall employment demographics of the District.  Between 2015 and 2019, Central High advertised only three vacancies, and due to the steady decrease of student enrolment at the school, the District decided not to replace the most recent vacancy.  Between 2015 and 2018, Harrisonburg High advertised only four vacancies, which the school filled with one black and three white teachers.  In 2019, Harrisonburg High advertised seven vacancies.  The school received only one application from a black applicant, whom they hired along with six white teachers.  The United States requested and reviewed the District's documentation regarding recruitment and hiring at all five schools, and determined that there is no evidence of discrimination in faculty and staff assignment; nor is there evidence of discrimination in the District's employment practices.

7

### C.  Extracurricular Activities

The District offers a wide variety of student activities, and race is not a consideration for participation in those activities.  Due to the consolidation of schools in specific attendance zones, not every school offers the same extracurricular sports.  For example, neither Harrisonburg High nor Central High offer football, as neither have football fields.  However, aside from school assignment based on attendance zone, student participation in sports, student government, clubs, and extracurricular and co-curricular activities reflects that activities are available to all students in the District regardless of race.

### D.  Facilities

There is no evidence of discrimination in school facilities, the District assigns students to facilities in a non-segregated and non-discriminatory manner.  In response to concerns raised by the community in Fall of 2018, the District replaced carpet and air conditioning units, and painted sections of Block High School.  In order to accommodate the closure of Jonesville Junior High and the transfer of two grades to the High School, the District conducted substantial renovations of the 'A' Building at Block.  Due to the consolidation of schools in specific attendance zones, school facilities are not identical.  As noted above, every school does not have the same sports facilities.  However, each of the five schools maintains physical facilities which are comparable to each other.

## IV.    DECLARATION OF UNITARY STATUS AND DISMISSAL OF THE CASE

Based on the information and data provided by the District and the applicable law, the Court finds that the District has acted in good faith to comply with the Court's 1969 Order and its subsequent amendments for a reasonable period of time, has refrained from taking actions that would reverse its progress in desegregating its system, eliminated the vestiges of past *de jure* discrimination to the extent practicable, and is operating a unitary school system.  The Court

8

therefore concludes that the Catahoula Parish School Board has met the legal standards for a

declaration of unitary status and is entitled to dismissal of this case.  *Freeman*, 503 U.S. at 492.

Accordingly, it is hereby ORDERED that all prior injunctions against the Catahoula

Parish School Board are DISSOLVED, jurisdiction is TERMINATED, and the case against this

District is DISMISSED WITH PREJUDICE.

So ORDERED, this _____ day of _____, 2020.


_____
United States District Judge

**Approved:**


**For Plaintiffs:**

| | |
|---|---|
| ALEXANDER C. VAN HOOK | ERIC S. DREIBAND |
| Acting United States Attorney | Assistant Attorney General |
| Western District of Louisiana | Civil Rights Division |
| | |
| */s/ Jerry Edwards*_____ | SHAHEENA SIMONS, Chief |
| JERRY EDWARDS (#30242) | FRANZ R. MARSHALL, Deputy Chief |
| Assistant United States Attorney | Educational Opportunities Section |
| 300 Fannin Street, Suite 3201 | |
| Shreveport, LA 71101 | */s/Colleen Phillips*_____ |
| (318) 676-3614 | COLLEEN PHILLIPS, Trial Attorney |
| Jerry.Edwards@usdoj.gov | U.S. Department of Justice |
| | Educational Opportunities Section |
| | Civil Rights Division |
| | 150 M Street, NE / 10-218 |
| | Washington, D.C. 20530 |
| | (202) 307-6548 |
| | Colleen.Phillips@usdoj.gov |


**For Defendant:**
HAMMONDS, SILLS, ADKINS &
    GUICE, LLP
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

*/s/ Robert L. Hammonds*_____

9

ROBERT L. HAMMONDS
Bar Roll No. 6484
PAMELA WESCOVICH DILL
Bar Roll No. 31703
JOHN R. BLANCHARD
Bar Roll No. 37036