UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff | * * * | **CIVIL ACTION NO. 69-14430** |
| **VERSUS** | * * | **JUDGE DOUGHTY** |
| **CATAHOULA PARISH SCHOOL BOARD,** et al., Defendants | * * * * | |

# RULING

This is a desegregation action originally brought in 1969 by the United States of America ("the United States") against the Catahoula Parish School Board ("the Board") and the individual members of the Board at that time.

Pending before the Court is a Joint Motion for Declaration of Unitary Status [Doc. No. 94]. The United States has reviewed the compliance of the Board (collectively, the "Parties") with the 1969 court order that permanently enjoined it from operating a dual system of schools segregated on the basis of race. Based on a review of the information provided by the Board and other data, the United States advised the Board that in its view the Board has fulfilled its affirmative desegregation obligations under applicable federal law. The Parties now move the Court for a declaration that the Board has achieved unitary status in the final areas of student assignment, faculty and staff assignment, facilities, and quality of education, and for dismissal of this case.

For the following reasons, the motion is GRANTED. The Court finds that the Board has

achieved unitary status in the remaining areas, relinquishes supervision, and dismisses this case with prejudice.

## I. PROCEDURAL BACKGROUND

The United States initiated this lawsuit on February 10, 1969, seeking to enjoin the Board from operating a dual school system based on race. On July 29, 1969, this Court ordered the Board to effectuate a specific desegregation plan designed to disestablish the dual school system that existed in the Catahoula Parish School District ("the District"), and permanently enjoined the Board from discriminating on the basis of race or color in the operation of the school system. The desegregation plan identified specific actions, and time frames for said actions, to be taken regarding student assignment and transfers, faculty and staff employment and integration, school construction, and services, facilities, programs, and activities.

On August 1, 1969, this Court amended the July 29, 1969 Order, regarding the assignment of students in the Jonesville and Sicily Island areas. On August 7, 1980, this Court entered a judgment allowing the Board to reassign grade 5 from Jonesville Elementary School to Jonesville Junior High, and grade 8 from Jonesville Junior High to Block High School. On August 23, 1993, this Court issued an order authorizing the Board to implement a Student Enrollment and Transfer Policy.

On May 23, 1994, Save Our Schools filed a Motion to Intervene and sought a Temporary Restraining Order in opposition of the Board's Motion for Authorization to Consolidate Schools and Change Attendance Zones. On July 7, 1994, this Court dismissed the Motion to Intervene as untimely and made in bad faith, and authorized the Board to close Enterprise High School and transfer grades K-8 to Harrisonburg Elementary and grades 9-12 to Harrisonburg

High, and to transfer students in grades 6-8 at Manifest Elementary to Jonesville Junior High.

On August 8, 1995, this Court authorized the Board to close Manifest Elementary and assign its students to Jonesville Elementary and Jonesville Junior High. On March 13, 2012, this Court authorized the Board to consolidate the schools in the Harrisonburg and Sicily Island Attendance Zones.

On January 24, 2019, the Court ordered both parties to respond to an online news report regarding Block High School and to show cause why a special master should not be assigned to the case. On March 15, 2019, the Louisiana State Chapter of the NAACP filed a Motion for Leave to File and Amicus Brief. On April 2, 2019, this Court granted the NAACP's motion, "limited to its input on the issue of the court's potential appointment of a special master. The Court declined to assign a special master at that time.

On May 24, 2019, the Court authorized the Board to close Jonesville Junior High and reassign grade 5 and grades 6-7 to Jonesville Elementary and Block High, respectively. On July 8, 2019, this Court granted the Parties' Joint Motion for Partial Unitary Status in the area of transportation.

On September 3, 2019, this Court signed the Plan of Work jointly filed by the Parties. The Plan of Work required the Board to provide the United States with documents regarding student and faculty assignment and extracurricular activities. In addition to reviewing the documents produced, the United States requested and reviewed additional information regarding teacher recruitment and hiring, and visited every school in the District with an expert in facilities. The United States advised the NAACP of its assessment and findings as to each of these reviews.

## II. LEGAL STANDARD

The goal of a school desegregation case is to eliminate the vestiges of past *de jure* segregation from all aspects of school operations to the extent practicable and, thereby, achieve full unitary status. *Freeman v. Pitts*, 503 U.S. 467, 491-92, 489 (1992). To obtain a declaration of unitary status, the Board must show that its schools have: (1) fully and satisfactorily complied with the Court's decrees for a reasonable period of time; (2) eliminated the vestiges of prior *de jure* discrimination to the extent practicable; and (3) demonstrated a good-faith commitment to the whole of the Court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in the first instance. *See Missouri v. Jenkins*, 515 U.S. 70, 87-89 (1995); *Bd. of Educ. of Oklahoma City Pub. Sch. v. Dowell*, 498 U.S. 237, 248-50 (1991).

The Supreme Court has identified six areas, commonly known as the "*Green* factors," which must be addressed as part of the determination of whether a school district has fulfilled its duties and eliminated vestiges of the prior dual system to the extent practicable: (1) student assignment; (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities. *Green v. Sch. Bd. of New Kent Cty.*, 391 U.S. 430, 435 (1968); *Anderson v. Sch. Bd.*, 517 F.3d 292, 298 (11th Cir. 2008) ("To guide courts in determining whether the vestiges of *de jure* segregation have been eliminated as far as practicable, the Supreme Court has identified several aspects of school operations that must be considered, commonly referred to as the *Green* factors: student assignment, faculty, staff, transportation, extracurricular activities, and facilities."). The Supreme Court also has approved consideration of other indicia, such as "quality of education," as important factors for determining whether the Board has fulfilled its

desegregation obligations. *Freeman*, 503 U.S. at 492-93. The proper measure of a Board's progress toward unitary status "is the effectiveness, not the purpose," of its actions. *Brinkman*, 443 U.S. at 537-38; *see also Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 25 (1971). To that end, a district must demonstrate its "affirmative commitment to comply in good faith with the entirety of a desegregation plan," not simply that it "had [not] acted in bad faith or engaged in further acts of discrimination since the desegregation plan went into effect." *Freeman,* 503 U.S. at 499.

### III. STIPULATED FACTS

#### A. Student Assignment

During the 1968-69 school year, the Board operated ten schools, including two *de jure* black schools: Jonesville Consolidated High School and Martin High School. The Board's desegregation plan maintained all ten schools, but required the schools to desegregate. The 1970 amended desegregation plan renamed the two *de jure* black schools as Jonesville Junior High and Martin Junior High, respectively.

During the 1970-71 school year, the Board enrolled 3,481 students (65% white and 35% black) in schools:

| School | Grade | Black | White | Total |
| --- | --- | --- | --- | --- |
| Sicily Island Elementary | 1 – 5 | 149 (65%) | 82 (35%) | 231 |
| Martin Junior High | 5 – 8 | 150 (57%) | 111 (43%) | 261 |
| Sicily Island High | 9 – 12 | 134 (59%) | 95 (41%) | 229 |
| Jonesville Elementary | 1 – 5 | 328 (38%) | 529 (62%) | 857 |
| Jonesville Junior High | 6 – 8 | 213 (40%) | 313 (60%) | 526 |
| Block High | 9 – 12 | 162 (33%) | 335 (67%) | 497 |
| Manifest Elementary | 1 – 8 | 11 (10%) | 103 (90%) | 114 |
| Harrisonburg High | 1 – 12 | 75 (17%) | 354 (83%) | 429 |

| Enterprise High | 1 – 12 | 0 | 177 (100%) | 177 |
| Central High | 1 – 12 | 0 | 160 (100%) | 160 |
| **Total** | | **1,222 (35%)** | **2259 (65%)** | **3,481** |

1970 Civil Rights Data Collection

For the 2019-20 school year, the Board enrolled 1,117 students in grades K-12 in five schools. The Board's overall enrollment is 59% white, 39% black, and 2% other. The following chart summarizes the enrollment at each school in the District during the 2019-20 school year:

| School | Grade | Black | White | Total |
|---|---|---|---|---|
| Sicily Island High | K – 12 | 118 (50%) | 109 (46%) | 222 |
| Jonesville Elementary | K – 5 | 162 (53%) | 140 (46%) | 286 |
| Block High | 7 – 12 | 144 (56%) | 107 (42%) | 257 |
| Harrisonburg High | K – 12 | 41 (15%) | 231 (82%) | 282 |
| Central High | K – 12 | 6 (9%) | 64 (91%) | 70 |
| **Total** | | **449 (39%)** | **673 (59%)** | **1,117** |

District 2019-20 Status Report to Court

The District has experienced a substantial declining enrollment since the inception of this case. As a result, the Board has closed two school facilities, reassigning the students enrolled at Manifest Elementary and Enterprise High School to Harrisonburg Elementary Schools, Jonesville Junior High, and Harrisonburg High, in a manner that strived to maintain and increase desegregated student enrollment. Harrisonburg High's current enrollment demographics remain similar to the demographics in 1970, primarily due to the school serving students who live in the rural, agricultural northwest region of the Parish. The next closest schools, Block High and Sicily Island High, are 10 miles to the south and 12 miles to the east, respectively.

The Board also consolidated three schools in the Harrisonburg, Sicily Island, and Jonesville areas in a manner that did not interfere with its desegregation obligations. Central

High School, which enrolled no black students in 1970-71, currently enrolls a student body of which only 9% are black students. Central is located in a remote southwestern part of the Parish, a 45-minute to one-hour drive from the next closest school. Students who attend Central High School live within a few miles of the school.

The Board continues to implement changes to ensure that it grants and denies student transfers in compliance with the Board's transfer policy and this Court's order without discriminating on the basis of race. These transfers do not have a negative effect on desegregation in the Board's schools.

### B. Faculty and Staff Assignment

In 1970-71, the Board employed a total of 168 full-time teachers, of which 30% were black and 70% were white. At the time, 64 white teachers worked in racially-identifiable black schools, and 16 black teachers worked in racially-identifiable white schools.

| School | Grade | Black | White | Total |
|---|---|---|---|---|
| Sicily Island Elementary | 1 – 5 | 3 (27%) | 8 (73%) | 11 |
| Martin Junior High | 5 – 8 | 3 (25%) | 9 (75%) | 12 |
| Sicily Island High | 9 – 12 | 5 (36%) | 9 (64%) | 14 |
| Jonesville Elementary | 1 – 5 | 8 (29%) | 20 (71%) | 28 |
| Jonesville Junior High | 6 – 8 | 6 (29%) | 15 (71%) | 21 |
| Block High | 9 – 12 | 8 (29%) | 20 (71%) | 28 |
| Manifest Elementary | 1 – 8 | 2 (33%) | 4 (77%) | 6 |
| Harrisonburg High | 1 – 12 | 8 (35%) | 15 (65%) | 23 |
| Enterprise High | 1 – 12 | 4 (31%) | 9 (69%) | 13 |
| Central High | 1 – 12 | 4 (35%) | 8 (65%) | 12 |
| **Total** | | **51 (30%)** | **117 (70%)** | **168** |

In 2019-20, the Board employed a total of 200 certified and non-certified school-level

7

administrators, teachers, and staff, of which 71 (36%) are black and 129 (64%) are white. The Board employees 82 teachers, 29% of whom are black. The following charts illustrates the number:

| School | Grade | Black | White | Total |
|---|---|---|---|---|
| Sicily Island High | K – 12 | 6 (35%) | 13 (65%) | 17 |
| Jonesville Elementary | 1 – 5 | 6 (35%) | 11 (65%) | 17 |
| Block High | 6 – 12 | 11 (52%) | 10 (48%) | 21 |
| Harrisonburg High | K – 12 | 1 (5%) | 18 (95%) | 19 |
| Central High | K – 12 | 0 | 8 (100%) | 8 |
| **Total** | | **24 (29%)** | **60 (71%)** | **82** |

District 2019-20 Status Report to Court
of teachers at each individual school

Faculty at three of the five schools reflect the overall employment demographics of the District. Between 2015 and 2019, Central High advertised only three vacancies, and due to the steady decrease of student enrolment at the school, the Board decided not to replace the most recent vacancy. Between 2015 and 2018, Harrisonburg High advertised only four vacancies, which the school filled with one black and three white teachers. In 2019, Harrisonburg advertised seven vacancies. The school received only one application from a black applicant, whom they hired along with six white teachers. The United States requested and reviewed the Board's documentation regarding recruitment and hiring at all five schools, and determined that there is no evidence of discrimination in faculty and staff assignment; nor is there evidence of discrimination in the Board's employment practices.

    **C.    Extracurricular Activities**

The Board offers a wide variety of student activities, and race is not a consideration for participation in those activities. Due to the consolidation of schools in specific attendance zones,

8

not every school offers the same extracurricular sports. For example, neither Harrisonburg High nor Central High offer football, as neither have football fields. However, aside from school assignment based on attendance zone, student participation in sports, student government, clubs, and extracurricular and co-curricular activities reflects that activities are available to all students in the District regardless of race.

  **D.**  **Facilities**

  There is no evidence of discrimination in school facilities. The Board assigns students to facilities in a non-segregated and non-discriminatory manner. In response to concerns raised by the community in Fall of 2018, the Board replaced carpet and air conditioning units and painted sections of Block High School. In order to accommodate the closure of Jonesville Junior High and the transfer of two grades to the High School, the Board conducted substantial renovations of the "A" Building at Block. Due to the consolidation of schools in specific attendance zones, school facilities are not identical. As noted above, every school does not have the same sports facilities. However, each of the five schools maintains physical facilities which are comparable to each other.

**IV.**  **CONCLUSION**

  Based on the information and data provided and the applicable law, the Court finds that the Board has acted in good faith to comply with the Court's 1969 Order and its subsequent amendments for a reasonable period of time, has refrained from taking actions that would reverse its progress in desegregating its system, eliminated the vestiges of past *de jure* discrimination to the extent practicable, and is operating a unitary school system. The Court, therefore, concludes that the Board has met the legal standards for a declaration of unitary status and is entitled to

dismissal of this case.

Accordingly, the Court will enter judgment, granting the Joint Motion, declaring the District unitary, dissolving all prior injunctions against the Board, relinquishing supervision of the District and returning that supervision to the Board, and dismissing this case with prejudice.

MONROE, LOUISIANA, this 3rd day of September, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE